STANLEY STERNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sterner v. Commissioner
Docket No. 708-89
United States Tax Court
T.C. Memo 1989-352; 1989 Tax Ct. Memo LEXIS 351; 57 T.C.M. (CCH) 1015; T.C.M. (RIA) 89352; July 20, 1989; As corrected July 24, 1989 Sterner v. C.I.R., 867 F.2d 609, 1989 U.S. App. LEXIS 797 (4th Cir., 1989)
Stanley Sterner, pro se. Michal Cline, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim For Relief And For Damages Under I.R.C. § 6673[1] filed on February 27, 1989. Petitioner filed his Notice Of Objection; Motion to Dismiss; Motion For More Definite Statement And Motion To Strike on March 31, 1989. *352 In a notice of deficiency dated October 14, 1988, respondent determined the following deficiency in and additions to petitioner's 1985 Federal income tax. Additions to Tax Under
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
$ 7,077
$ 769.75
$ 353.85
*
$ 119.03
Petitioner did not file an income tax return for 1985. The deficiency shown on the notice of deficiency arises from respondent's determination that petitioner had wage income of $ 29,212 and interest income of $ 5,158. Petitioner filed a timely petition with this Court on January 11, 1989. In his petition he claims, inter alia, that: 1. Respondent failed to prepare and file petitioner's tax return; 2. Respondent failed to determine a deficiency before issuing the notice of deficiency and, therefore, the notice of deficiency is invalid; 3. This Court lacks jurisdiction to hear this case because the notice of deficiency fails to state that respondent has examined petitioner's return and determined *353 a deficiency; 4. Petitioner was not required to prepare and file a Federal income tax return; 5. Requiring petitioner to file a return violates his Fifth Amendment privilege not to be a witness against himself; 6. Section 301.6211-(a), Proced. and Admin. Regs., regarding deficiencies in cases where a taxpayer has not filed a return is unconstitutional; 7. Petitioner should not be penalized for his failure to file a return because the tax laws and rules are too complicated;
8. The Sixteenth Amendment is unconstitutional on its face and in its application; and 9. Respondent violated petitioner's "other rights." Further, in objecting to respondent's motion for damages under section 6673, petitioner claims that respondent maliciously, intentionally, willfully, in conscious disregard of petitioner's rights and without a showing of facts or evidence, alleged that petitioner instituted these proceedings primarily for delay and to protest paying income taxes. He claims that section 6673 violates his rights to petition this Court for the redress of his grievances and violates his right to trial by jury. Petitioner previously filed a petition with this Court in which he *354 challenged respondent's determination with regard to 1981, 1982, 1983 and 1984 on the very same grounds as he does in this case. This Court, in an Order of Dismissal and Decision entered on March 15, 1988, granted respondent's motion to dismiss for failure to state a claim in that case (Docket No. 39457-87). We therein considered each and every one of the above allegations of error and decided that none of them constituted a claim upon which this Court could grant relief. Moreover, in an unpublished opinion decided January 20, 1989, the United States Court of Appeals for the Fourth Circuit affirmed our decision, finding that "Sterner's arguments are manifestly frivolous." In addition, the Fourth Circuit awarded respondent attorney's fees and double costs. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) further provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. *355 Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). It is clear that petitioner has not alleged any facts which show error in respondent's determination. Moreover, as stated earlier, the legal arguments put forth by petitioner previously have been found to be frivolous by this Court and by the Fourth Circuit. We find no need to repeat those legal arguments again. We incorporate them by this *356 reference. Petitioner is already well aware of our reasoning. To the extent that petitioner has raised arguments in addition to those he raised last time, we have considered them and find them so lacking in merit that we decline to discuss them further. Because petitioner has not raised any justiciable facts or issues in his petition, we grant respondent's motion to dismiss. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958). With regard to respondent's motion for an award of damages under section 6673, the record in this case establishes that petitioner had no interest in disputing either the deficiency or the additions to tax determined by respondent. Petitioner raised only his tired, discredited arguments. Moreover, despite the fact that our decision in his prior case was affirmed by the Fourth Circuit on January 20, 1989, petitioner filed a Notice of Objection to respondent's motion in this case on March 31, 1989, again reciting the arguments which both Courts rejected less than six weeks earlier. Based on these facts, we find that petitioner's claims are frivolous and that he maintained this proceeding *357 primarily for delay. Accordingly, we award damages to the United States in the amount of $ 5,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). An appropriate order of dismissal and decision will be entered. Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year is issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest payable with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations.↩