T.C. Memo. 2000-236

UNITED STATES TAX COURT

JAMES H. K. WONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9076-99.                              Filed August 3, 2000.

James H. K. Wong, pro se.

<u>Dustin M. Starbuck</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Petitioner did not file a Federal income tax return for the taxable year 1996.  Respondent determined a deficiency and additions to tax under sections 6651(a)(1), (2), and 6654[1] in petitioner's 1996 Federal income tax in the respective amounts of $7,951, $942.30, $397.86, and $202.98.  The taxable income upon which the notice of deficiency

_____

[1]     Section references are to the Internal Revenue Code in effect for the year in issue.

is predicated was derived from third-party reporting forms. Petitioner filed a timely petition in which he alleged that he did not have any income "from any source for the year * * * that is the subject of a tax" and that he was not required to file any return for the year. At the time the petition was filed petitioner resided in Richmond, Virginia.

Petitioner stipulated that during 1996 he (1) "provided services to the Bank of Hawaii [the Bank] having a fair market value of $45,784.00"; (2) received from the Bank "property, in the form of Federal Reserve Notes, having a fair market value of $45,784.00"; (3) received a State tax refund of $339 during 1996; (4) received $522 in Federal Reserve Notes for "brokerage sales" during 1996; and (5) received $20 in dividends during 1996. This case was calendared for trial on May 17, 2000, in Richmond, Virginia.

When this case was called from the calendar petitioner conceded that he received the amounts of income set forth in the notice of deficiency and stated that the amounts did not constitute taxable income. From petitioner's statements and submissions, petitioner contends that the sale of his labor for wages does not constitute taxable income. Petitioner also argues that the payment of income taxes is voluntary, and he is not a volunteer. Finally, petitioner contends that the 1996 Form 1040, U.S. Individual Income Tax Return, does not contain a valid "OMB

Control Number". This Court and other courts have encountered these and similar arguments repeatedly and we have repeatedly rejected these arguments as frivolous. See, e.g., <u>Rowlee v. Commissioner</u>, 80 T.C. 1111 (1983); <u>Crow v. Commissioner</u>, T.C. Memo. 1995-584, affd. per curiam 92 F.3d 1177 (4th Cir. 1996); <u>Allnutt v. Commissioner</u>, T.C. Memo. 1991-6, affd. per curiam 956 F.2d 1162 (4th Cir. 1992); <u>Sterner v. Commissioner</u>, T.C. Memo. 1989-352; <u>Kearse v. Commissioner</u>, T.C. Memo. 1988-249, affd. per curiam 883 F.2d 69 (4th Cir. 1989). The Court, therefore, on its own motion, grants summary judgment with respect to these issues and sustains respondent's determinations.

In many of the cases cited above we awarded penalties under section 6673. Section 6673(a) provides that, if the Court determines that proceedings are maintained by a taxpayer primarily for delay or the position of a taxpayer is groundless or frivolous, the Court may award penalties to the United States in an amount not in excess of $25,000. At the hearing, petitioner acknowledged that he was aware that we have repeatedly rejected his arguments and have imposed penalties in similar cases.

Petitioner's arguments advanced here are frivolous, and there are no facts militating against awarding a penalty.  Accordingly, we award a penalty to the United States of $4,000 under section 6673.

An appropriate Order and

Decision will be entered.