T.C. Memo. 1995-468


UNITED STATES TAX COURT


WILLIAM SANTANGELO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8766-95.                   Filed October 2, 1995.


William Santangelo, pro se.

<u>Blaise Gately Dusenberry</u> and <u>Dean H. Wakayama</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
                                        (continued...)

This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And To Award Damages, filed pursuant to Rule 40 and section 6673(a).

Petitioner resided in Custer, Washington, at the time the petition was filed in this case.

Respondent's Notice of Deficiency

By notice dated March 3, 1995, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years 1992 and 1993 as follows:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) |
|------|-----------|------------------------------|
| 1992 | $7,369 | $100 |
| 1993 | 2,981 | 102 |

The deficiencies in income taxes are based on respondent's determination that petitioner, an employee of the Boeing Company, failed to report the following income on tax returns for the years in issue:

| Income | Payor | Taxable Year 1992 | 1993 |
|--------|-------|------|------|
| Wages | Boeing | $41,521 | $18,276 |
| Interest | IRS | 630 | --- |
| Interest | U.S. Bank | 36 | 15 |
| Interest | 1st Interstate Bank | --- | 240 |
| Unemploy- ment Comp. | Washington Employ- ment Security Dept. | --- | 7,371 |

[1](...continued)
issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file income tax returns for the years in issue was not due to reasonable cause.

## Petitioner's Petition

Petitioner filed an eight page typewritten petition for redetermination on May 26, 1995. The crux of petitioner's position is that wages are not income, apparently because of the provisions of sections 83 and 7701(e) and the notion that a person's labor is property in which the person has a basis equal to its fair market value. Thus, the petition includes the following allegations:

> When a lessee disposes of, or damages, property belonging to the lessor, is the amount needed to compensate the lessor to be included in the lessor's gross income when paid to him by the lessee? NO. The Respondent cannot tax as gross income, therefore, the amount received for labor or services of an employee or contractor, disposed of by an employer or customer of a contractor, without violating § 7701(e)[2] which says that service contracts shall be treated as leases of

---

[2] Sec. 7701(e) provides in part as follows:

(e) Treatment of Certain Contracts for Providing Services, Etc.--For purposes of chapter 1--

(1) In General.--A contract which purports to be a service contract shall be treated as a lease of property if such contract is properly treated as a lease of property, taking into account all relevant factors including whether or not--

(A) the service recipient is in physical possession of the property * * *

property.  Until a statutorily supported rebuttal to this allegation can be mounted by the Respondent, Petitioner is due a full return of all amounts imposed upon Petitioner's compensation which was received under contract.

*    *    *    *    *    *    *

To comply with § 7701(e) therefore, the value or cost of the services (FMV) should be allowed as a deduction under § 212.  * * *  When Petitioner performs this deduction, he has no taxable income.  How has the Respondent allowed the Petitioner this deduction?  Why is this "cost" not deductible?

Internal Revenue Code section 83[3] applies to **ANY** compensation income * * * .  It serves to deduct the taxpayer's cost, the value of the labor, from that which can be treated as gross income * * * .

*    *    *    *    *    *    *

Knowing that services (labor) are property * * * , nothing excludes services from the provisions of § 1012[4] as a cost that must be restored to the

---

[3]     Sec. 83 provides in part as follows:

SEC. 83. PROPERTY TRANSFERRED IN CONNECTION WITH PERFORMANCE OF SERVICES.

(a) General Rule.--If, in connection with the performance of services, property is transferred to any person other than the person for whom such services are performed, the excess of--

(1) the fair market value of such property * * * over

(2) the amount (if any) paid for such property,

shall be included in the gross income of the person who performed such services * * * .  [Emphasis added.]

[4]     Sec. 1012 provides in part as follows:

(continued...)

Petitioner.  The provisions of § 1012 extend to every species of valuable right or interest, just as the term "property" does * * * .

If the amount realized from the sale of labor is only that which is under contract (FMV), the transaction is one of non-recognition * * * .

* * * * * * *

If Petitioner earns only the FMV of his services, chapters 1, 2, 21, and 24 are of no consequence to him; he is not a "taxpayer" * * * .

* * * * * * *

United States Tax Court has no jurisdiction to hear this controversy or enter a decision about it. * * *

About § 6673: Said statute reads in part: * * * . Before this statute is applied to the Petitioner, it is necessary for the Respondent to fully illustrate and explain how § 83, 1012, and 7701(e) have been applied and complied with OR, it should be fully illustrated and explained what precludes the Petitioner from the provisions of said statutes.  * * *

Petitioner attached to his petition over 125 pages of typewritten materials expanding on the arguments set forth in his petition.  These materials include several pages devoted to section 6673 and a number of cases that have applied it.

Respondent's Rule 40 Motion and Subsequent Developments

As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And To Award Damages.

---

[4](...continued)
SEC. 1012.  BASIS OF PROPERTY--COST.

The basis of property shall be the cost of such property, except as otherwise provided * * * .

On July 19, 1995, shortly after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based.

On July 20, 1995, petitioner filed an Opposition to Respondent's Motion to Dismiss and the following 6 motions: (1) Motion for Equal Protection and Uniform Procedure; (2) Motion for Re-Determination; (3) Motion to Compel Performance; (3) Motion for More Definite Statement; (4) Motion to Strike Respondent's Motion to Dismiss; (5) Motion for Summary Judgment; and (6) a second Motion for Summary Judgment. All of petitioner's motions were denied. Petitioner's Opposition includes the following statement:

> While Petitioner has not denied receiving compensation for services, the Petitioner DOES deny that the Law makes said compensation includible in [gross] "income." Regardless of whether or not such amounts are gross income or, because Congress chose to not so include the FMV of Petitioner's personal property, the Law does not permit the inclusion in income now attempted by the Respondent; how have ALL applicable statutes operated?

On August 2, 1995, petitioner filed the following 3 motions: (1) Motion for More Definite Statement; (2) Motion for Calendar

Appointment; and (3) Motion for Continuance.  All of petitioner's motions were denied.[5]

On August 10, 1995, petitioner submitted the following 10 documents: (1) "Amended Petition under Tax Court Order", which was filed as petitioner's Amended Petition; (2) "Assignment of Errors", which was filed as petitioner's Amendment to Amended Petition; (3) "Statement in Lieu of Appearance; Motion for Summary Judgment", which was filed as (a) petitioner's Rule 50(c) Statement and separately as (b) petitioner's Motion for Summary Judgement; (4) "Motion for Leave of the Court", which was filed as petitioner's Motion for Leave to File Brief in Support of Rule 50(c) Statement; (5) "Brief in Support of Amended Petition", which was lodged as petitioner's Brief in Support of Rule 50(c) Statement; (6) "Tables for Brief in Support", which was lodged as petitioner's Appendix to Brief in Support of Rule 50(c) Statement; (7) "Clarification of Petitioner's Claims of Statutory Deprivations", which was filed as petitioner's Supplement to Rule 50(c) Statement; (8) "Demand for Relief", which was filed as petitioner's Second Supplement to Rule 50(c) Statement; (9) "Demand for Relief: Amended Petition", which was filed as petitioner's Third Supplement to Rule 50(c) Statement; and (10)

---

[5] In its Order denying petitioner's motions filed Aug. 2, 1995, the Court specifically reminded petitioner of the applicability of Rule 50(c) providing for the submission of a written statement in lieu of (or in addition to) a party's appearance at a Motions Session.

"Motion for More Definite Statement", which was filed as petitioner's Second Motion for More Definite Statement.

Regarding the documents received August 10, 1995, the Court granted petitioner's Motion for Leave to File Brief in Support of Rule 50(c) Statement, and then filed (a) petitioner's Brief in Support of Rule 50(c) Statement and (b) petitioner's Appendix to Brief in Support of Rule 50(c) Statement. The Court denied petitioner's Motion for Summary Judgment and petitioner's Second Motion for More Definite Statement.

In his Amended Petition and Amendment thereto, as well as in his other most recently filed documents, petitioner repeats many of the allegations set forth in his original petition, particularly his argument that section 83 shields his compensation from taxation.[6] Thus, the Amendment to the Amended Petition includes the following allegation:

> Code § 83 applies to all compensation for services and allows only for the excess over the "amount paid" (value of the Labor) to be included in gross income; NOT the "amount paid" (cost). Respondent is in violation of 26 USC § 83.

Respondent's motion to dismiss was called for hearing in Washington, D.C., on August 16, 1995. Counsel for respondent appeared at the hearing and presented argument on the pending motion, including the argument that section 83 is inapplicable to

---

[6] Petitioner appears to have abandoned, however, his argument that sec. 7701(e) shields his compensation from taxation.

wages by virtue of the provisions of section 1.83-3(e), Income Tax Regs.[7]  Petitioner did not appear at the hearing.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute.  Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error.  See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).  The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal.  Rules 34(a)(1), 123(b).

---

[7]     Sec. 1.83-3(e), Income Tax Regs., provides in part as follows:

(e) Property. For purposes of section 83 and the regulations thereunder, the term "property" includes real and personal property other than either money or an unfunded and unsecured promise to pay money or property in the future.  * * * [Emphasis added.]

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, any issue not raised in the pleadings is deemed to be conceded.  Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

Neither the petition nor the amended petition filed in this case satisfies the requirements of Rule 34(b)(4) and (5).  There is neither assignment of error nor allegation of fact in support of any justiciable claim.  Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from the petition and the amendment to amended petition previously quoted.  See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's order dated July 19, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning his liability for the taxable years in issue. Unfortunately, petitioner failed to properly respond to the Court's order.  Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric.  See Abrams v.

Commissioner, supra; Rowlee v. Commissioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496.

We see no need to catalog petitioner's arguments regarding section 83, or section 7701(e) for that matter, and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Petitioner's arguments are nothing other than a variation on the theme that wages are not income. Suffice it to say that both this and other Federal courts have consistently and uniformly held for many years that wages are income and that a taxpayer has no basis in his or her labor. E.g., Beard v. Commissioner, 793 F.2d 139 (6th Cir. 1986), affg. per curiam 82 T.C. 766 (1984); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985); United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984); Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir. 1984); Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506; Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122; United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been

universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable."); United States v. Buras, 633 F.2d 1356, 1361 (9th Cir. 1980); Abrams v. Commissioner, supra at 407; Rowlee v. Commissioner, supra at 1119-1122; Reiff v. Commissioner, 77 T.C. 1169, 1173 (1981); Reading v. Commissioner, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); McNeel v. Commissioner, T.C. Memo. 1995-211; Fischer v. Commissioner, T.C. Memo. 1994-586; Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994); Fox v. Commissioner, T.C. Memo. 1993-277; Williams v. Commissioner, T.C. Memo. 1988-368; Allen v. Commissioner, T.C. Memo. 1987-242; Hebrank v. Commissioner, T.C. Memo. 1982-496; see sec. 61(a)(1).

Because the petition and the amended petition fail to state a claim upon which relief can be granted, we shall grant so much of respondent's motion that moves to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

We turn now to that part of respondent's motion that moves for an award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for

delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, supra at 71. Petitioner's position, as set forth in the petition and the amended petition, as well as in the other documents that petitioner submitted, consists solely of tax protester rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies may have been delayed.

Finally, we are convinced that petitioner is, and was at the time that he filed his petition, well aware of the provisions of section 6673(a), as demonstrated by the references to that section in the petition and the attachments thereto.

Nevertheless, petitioner chose to ignore well-established precedent of this and other Federal courts and pursue instead his protest agenda.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $2,500. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

In order to reflect the foregoing,

An order of dismissal and decision will be entered.