T.C. Memo. 1995-540


UNITED STATES TAX COURT


SCOTT R. PHILIPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10078-94.                    November 14, 1995.


Scott R. Philips, pro se.

<u>Ronald J. Aiani</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notices dated March 11, 1994, March 18, 1994, April 12, 1994, and June 15, 1994, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|----------------------------------|-----------|
| 1987 | $25,096 | $6,274.00 | $1,355 |
| 1988 | 19,548 | 4,887.00 | 1,248 |
| 1989 | 28,462 | 7,116.00 | 1,926 |
| 1990 | 33,185 | 8,296.25 | 2,178 |
| 1991 | 30,884 | 7,721.00 | 1,771 |

This case presents the following issues:

1.  Whether petitioner is liable for the deficiencies determined by respondent.  We hold that petitioner is liable.

2.  Whether petitioner is liable for additions to tax pursuant to section 6651(a)(1)[1] for failing to file Federal income tax returns.  We hold that petitioner is liable.

3.  Whether petitioner is liable for additions to tax pursuant to section 6654 for failing to make estimated Federal income tax payments.  We hold that petitioner is liable.

4.  Whether petitioner has asserted frivolous and groundless arguments that warrant the imposition of a penalty pursuant to section 6673.  We hold that petitioner has asserted frivolous and groundless arguments, and the Court shall impose a penalty.

FINDINGS OF FACT

The parties have stipulated all relevant facts, and these facts are so found.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner resided in San Clemente, California, at the time he filed his petition. Petitioner has acknowledged that he received income from several sources in taxable years 1987 through 1991 yet did not file individual income tax returns for those years. In 1987, petitioner received $70,500 from Ronco Plastics, Inc., and $809 from Buckhorn, Inc. In 1988, petitioner received $60,000 from Ronco Plastics, Inc. In 1989, petitioner received $76,100 from Ronco Plastics, Inc., $10,250 from American Telephone & Telegraph Co., $160 from ADAC Laboratories, and $10 from American Transtech. In 1990, petitioner received $100,738 from Ronco Plastics, Inc., $40 from ADAC Laboratories, and $14 from U.S. Clearing Corp. In 1991, petitioner received $93,600 from Ronco Plastics, Inc. The amounts received from Ronco Plastics, Inc., were compensation; the other amounts were dividends and returns on stock and bond investments.

In answering respondent's notice of deficiency, petitioner on June 9, 1994, filed a defective petition with this Court. The petition submitted did not comply with the form and content rules set forth in Rule 34(b). Petitioner presented typical tax protester arguments and claimed that he is not subject to the income tax. He also challenged respondent's "**SUBJECT MATTER JURISDICTION**", questioned whether he could "BE LIABLE FOR AN **INCOME TAX**" on his wages, and asserted that wages "ARE NOT A

REVENUE TAXABLE EVENT WITHIN THE PURVIEW OF THE INTERNAL REVENUE CODE."

On June 14, 1994, the Court ordered petitioner to file an amended petition by August 15, 1994. In response, petitioner submitted on August 11, 1994, the same defective petition that had been rejected by the Court on June 14, 1994 (except that it bore a new date). On October 13, 1994, respondent filed a Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted. In its motion, respondent also asked the Court to impose a penalty pursuant to section 6673.

On October 14, 1994, the Court issued an order directing petitioner to file a written objection setting forth clear and concise reasons why respondent's motion to dismiss should not be granted or, in the alternative, setting forth clear and concise allegations of error and facts concerning the merits of the specific adjustments contained in the notices of deficiency. In its order, the Court also advised petitioner that penalties have been imposed under section 6673 in similar cases.

On November 14, 1994, petitioner filed a second amended petition that complied with the Court's form and content requirements. Accordingly, the Court denied respondent's Motion to Dismiss on November 21, 1994.

On September 11, 1995, respondent filed a Motion for
Sanctions Pursuant to I.R.C. § 6673.  A trial was held in Los
Angeles, California, on September 12, 1995.

OPINION

The Internal Revenue Code provides that gross income means
all income from whatever source derived.  Sec. 61(a).  The
Supreme Court has held that income includes "gain derived from
capital, from labor, or from both combined."  Eisner v. Macomber,
252 U.S. 189, 207 (1920).  The Court of Appeals for the Ninth
Circuit, to which any appeal in this case would lie, has
expressly held that wages are income and are subject to taxation.
United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

In affirming this Court's decision in a tax protester case,
the Court of Appeals for the Seventh Circuit aptly noted:  "Some
people believe with great fervor preposterous things that just
happen to coincide with their self-interest.  'Tax protesters'
have convinced themselves that wages are not income, that only
gold is money, that the Sixteenth Amendment is unconstitutional,
and so on."  Coleman v. Commissioner, 791 F.2d 68, 69 (7th Cir.
1986).

In this case, petitioner advanced a variety of
constitutional arguments that the courts have uniformly rejected.
Generally, he argued that:  (1) He is not a "taxpayer" as defined
in the Internal Revenue Code; (2) the Tax Court lacks

jurisdiction to decide this case; and (3) an income tax violates the Sixteenth Amendment because it is an impermissible "direct tax". We see no need to fully describe each of petitioner's constitutional arguments or to address them individually. To do so might imply that the arguments have some colorable merit when in fact they are groundless.

It is sufficient to note that petitioner readily acknowledges that he received income yet refuses to pay tax on it. Accordingly, we hold that petitioner is liable for the deficiencies determined by respondent.

Respondent determined additions to tax under sections 6651(a)(1) and 6654. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure to file was due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proving that he had reasonable cause for failing to file tax returns for the years in issue. Rule 142(a); Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985). Petitioner's tax protester rhetoric does not establish reasonable cause. Accordingly, we hold that petitioner is liable for additions to tax under section 6651(a)(1).

Section 6654(a) generally imposes an addition to tax if the total tax withheld and any estimated tax payments made during a year do not equal or exceed the threshold set forth in section

6654(d). During the 5 years in issue, petitioner received income totaling $412,221. His tax liability totaled $137,175, yet his tax payments totaled zero. Petitioner offered no evidence showing that he qualified under an exception to section 6654(a). Accordingly, we hold that petitioner is liable for additions to tax under section 6654(a).

Finally, we consider whether a penalty should be imposed under section 6673. Section 6673(a)(1) provides that, whenever it appears to the Tax Court that the taxpayer's position in a proceeding is frivolous or groundless, the Court may impose a penalty not in excess of $25,000. This Court has often imposed such penalties on taxpayers who make frivolous tax protester arguments. See, e.g., Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-413 (1984); Wilkinson v. Commissioner, 71 T.C. 633, 639-643 (1979); Santangelo v. Commissioner, T.C. Memo. 1995-468; McNeel v. Commissioner, T.C. Memo. 1995-211; Devon v. Commissioner, T.C. Memo. 1995-206; Carr v. Commissioner, T.C. Memo. 1995-138; cf. Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir. 1985) (noting that the argument that wages are not income "has been rejected so frequently that the very raising of it justifies the imposition of sanctions").

In this case, petitioner knew that courts have repeatedly rejected his constitutional arguments and repeatedly imposed the

section 6673 penalty on taxpayers who have made such arguments. Indeed, the Court so advised petitioner in its October 14, 1994, order.

In his trial memorandum, however, petitioner continued to assert the same groundless claims. Petitioner stated, for example, that "the free exercise and enjoyment of the God-given and <u>constitutionally secured right</u> to lawfully acquire property or compensatory income, by lawfully contracting one's own labor in innocent and harmless activities, for lawful compensation, cannot be (and therefore has not been) taxed for <u>revenue purposes</u>." Petitioner made similar assertions in his request for admissions, in his proposed joint stipulation of facts, and in a list of 21 "Special Questions for the Tax Court" that served no function but to restate petitioner's antitax views.

At the beginning of the trial, the Court warned petitioner that it would impose a penalty, up to $25,000, if it found his position to be frivolous and groundless. During the trial, the Court admonished petitioner several times to set forth a legitimate argument for not paying the taxes due. Ignoring these admonitions, petitioner consumed all of his trial time asserting that his income is not subject to taxation, contending that this Court did not have jurisdiction, and asking extraneous questions. Among his inquiries, he asked: "Am I here under common law?", "Is this a Court of Admiralty?", and "Does this Court have

anything to do with the Uniform Commercial Code?" He also stated that he did not "see a corpus delicti" in this case.

In sum, petitioner has advanced trite constitutional arguments in his submissions to this Court and at trial. Petitioner has received $412,221 during the tax years in issue yet has steadfastly refused to honor his obligation to pay taxes. Indeed, his actions have wasted the time and resources of the Internal Revenue Service and this Court. Accordingly, we hold that petitioner's position in these proceedings is frivolous and groundless, and the Court shall impose a penalty of $10,000.

<u>Respondent's motion for sanctions</u> <u>will be granted, and decision will be</u> <u>entered for respondent</u>.