T.C. Memo. 1996-319

UNITED STATES TAX COURT

SCOTT R. PHILIPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5057-96.                           Filed July 15, 1996.

Scott R. Philips, pro se.

<u>Michael H. Salama</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(4)[1] and Rules 180, 181, and
183.  This case is before us on respondent's Motion to Dismiss
for Failure to State A Claim and to Impose a Penalty Under

_____

[1]  All section references are to the Internal Revenue Code
in effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

Section 6673, filed pursuant to Rule 40. The Court, sua sponte, also considers whether to strike portions of the petition under Rule 52.

Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes, as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $34,134 | $8,534 | $1,489 |
| 1993 | 69,478 | 17,370 | 2,911 |

The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file Federal income tax returns and report nonemployee compensation, dividend income, and income from the sale of stock for the years in issue. The additions to tax under section 6651(a)(1) were based on respondent's determination that petitioner's failure to file income tax returns for the taxable years in issue was not due to reasonable cause. Finally, the additions to tax under section 6654(a) were based on respondent's determination that petitioner failed to pay the requisite estimated income tax for the taxable years in issue. Petitioner resided in San Clemente, California, at the time he filed his petition.

Petitioner filed a petition for redetermination on March 19, 1996. In the petition, petitioner disputed the adjustments as determined by respondent in the notice of deficiency. The petition contains assignments of error and statements of facts

relating directly to the determinations made in the notice of deficiency. Specifically, paragraph 4(A)(1) through (5) for 1992 and paragraph 4(B)(1) through (7) for 1993 contend that respondent erred in the various specific adjustments. Moreover, paragraph 5(A)(1) through (5) for 1992 and paragraph 5(B)(1) through (7) for 1993 clearly allege that petitioner did not receive the income determined by respondent and that petitioner is not liable for the deficiencies and additions to tax. However, the petition contains a paragraph on page 3 which states the following:

FOR ALL TAX YEARS

(1) Respondent has failed to allege sufficient facts to establish that Respondent has jurisdiction over Petitioner in this matter.

(2) By her previous actions, Respondent has attempted to mislead or has actually misled Petitioner with respect to the obligation to file tax returns and/or the obligation to report income.

(3) Respondent failed to provide specific information as to whether the deficiencies in tax are direct taxes or indirect (excise) taxes.

As indicated, respondent filed a Motion to Dismiss for Failure to State A Claim on April 29, 1996. In her motion to dismiss, respondent contends that the petitioner fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4). Further, respondent contends that the petitioner fails to allege clear and concise lettered statements of fact on which petitioner bases assignments

of error in violation of Rule 34(b)(5). In addition, respondent contends that the document filed in this matter is not a proper petition, but rather, is a "statement making frivolous constitutional arguments with no factual basis"; that the document filed does not comply with the Rules of the Tax Court as to the form and content of a petition; that petitioner filed this document as a protest to paying taxes; and that petitioner is a devoted tax protester.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of

a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b).

The petition filed in this case contains clear and concise assignments of error and statements of facts. Thus, the petition satisfies the requirements of Rule 34(b)(4) and (5) with the exception of the above-quoted paragraph. Because the petition does state a claim upon which relief may be granted, we shall deny respondent's motion to dismiss.

We turn now, on our own motion, to the issue of whether to strike the above-quoted paragraph of the petition. Pursuant to Rule 52, the Court, on its own initiative at any time, may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. See Estate of Jephson v. Commissioner, 81 T.C. 999 (1983); Allen v. Commissioner, 71 T.C. 577, 579 (1979). The above-quoted paragraph contains neither assignments of error nor allegation of facts in support of any justiciable claim. Rather, such paragraph contains nothing but tax protester rhetoric and legalistic gibberish. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We see no need to catalog petitioner's contentions and painstakingly address them. The short answer to them is that petitioner is not exempt from Federal income tax. See Abrams v.

<u>Commissioner</u>, <u>supra</u> at 406-407. The matters set forth in the above-quoted paragraph consist solely of stale and time-worn tax protester rhetoric. Because the above-quoted paragraph is frivolous and immaterial, we order such paragraph stricken from the petition. Rule 152; see <u>Allen v. Commissioner</u>, <u>supra</u>. Trial in this case, if necessary, will be limited to the factual issues concerning petitioner's receipt or nonreceipt of income; the amount, if any, of the deficiency; and the applicability of the additions to tax.

Finally, we turn to respondent's motion to impose a penalty against petitioner under section 6673. As relevant herein, section 6673(a)(1) authorizes the Tax Court to require the taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that the proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

We note that this is not the first time petitioner has appeared before this Court to advance tax protester claims. See <u>Philips v. Commissioner</u>, T.C. Memo. 1995-540. At that time, the Court explained to petitioner that his arguments, which are similar to those raised here in the above-quoted paragraph of the petition, are frivolous tax protester claims. Indeed, the Court

rejected petitioner's contentions and also imposed a penalty of $10,000.

Based on the petition filed by petitioner, we believe petitioner is interested in disputing the merits of the deficiencies in income tax and the additions to tax as determined by respondent in the notice of deficiency. Accordingly, we will deny respondent's motion to impose a penalty. However, we caution petitioner that a continued persistence in frivolous and groundless protester allegations will subject him to a penalty under the provisions of section 6673.

In order to reflect the foregoing,

An order denying respondent's motion and striking a portion of the petition will be issued.