T.C. Memo. 1998-410

UNITED STATES TAX COURT

DAVID WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19412-97.                    Filed November 13, 1998.

David White, pro se.

<u>Melanie R. Urban</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment under Rule 121[1] and to impose a penalty under section 6673.  Respondent determined a deficiency of $26,806, an addition to tax of $6,702 under section

_____

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

6651(a) for late filing, and an addition to tax of $1,462 under section 6654(a) for failure to pay estimated taxes with respect to petitioner's 1995 Federal income tax.

Background

Petitioner resided in Houston, Texas, when he filed his petition.

The notice of deficiency includes an explanation that the adjustments made to petitioner's taxable income are attributable to petitioner's failure to file a 1995 tax return and to report various items of income including: (1) Nonemployee compensation paid by Lincoln Investment Planning, Inc., General American Life Insurance Co., and Willow Fork Drainage District; (2) interest paid by Charles Schwab & Co. and Texas Commerce Bank; (3) dividends paid by Pioneer U.S. Government Money Fund and All Saints Credit Union; and (4) gains derived from stock sales in 1995. These items of income were reported to respondent on Forms 1099 and other information returns submitted by the payors.

Petitioner invoked this Court's jurisdiction by filing an imperfect petition for redetermination, followed by an amended petition. Respondent filed a timely answer to the amended petition.

Respondent subsequently served petitioner with a request for admissions (with attached exhibits) pursuant to Rule 90(a) and filed the same with the Court pursuant to Rule 90(b). Petitioner

failed to respond to respondent's request for admissions. As a consequence, each matter set forth therein is deemed admitted pursuant to Rule 90(c). Alexander v. Commissioner, 926 F.2d 197, 198-199 (2d Cir. 1991), affg. per curiam T.C. Memo. 1990-315; Marshall v. Commissioner, 85 T.C. 267, 272 (1985).

Petitioner is deemed to have admitted the following facts pursuant to Rule 90(c). Petitioner did not file an income tax return for 1995. During 1995, petitioner received self-employment income in the following amounts:

| Payor | Amount Received |
|---|---|
| Lincoln Investment Planning, Inc. | $78,320 |
| General American Life Insurance Co. | 1,187 |
| Willow Fork Drainage District | 700 |

During 1995, petitioner received interest income from Charles Schwab and Co. and Texas Commerce Bank, N.A., in the amounts of $401.38 and $18.48, respectively. During that year, petitioner received dividend income from Pioneer U.S. Government Money Fund and All Saints Credit Union in the amounts of $27.36 and $154.79, respectively.

During 1995, petitioner sold shares of Pioneer Gold Shares-Class A at a net gain of $549.19. During that year, petitioner sold shares of Wainoco Oil at a net gain of $248.79.

Petitioner did not have reasonable cause for not filing his 1995 return. Petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for the taxable year 1995.

Petitioner did not pay any estimated tax for the taxable year 1995 and is liable for the addition to tax pursuant to section 6654(a) for that year.  Petitioner is liable for self-employment tax in the amount of $9,737 for the taxable year.

After respondent filed a motion for summary judgment, petitioner filed a response to respondent's motion that was nothing more than tax protester rhetoric and legalistic gibberish like:

> 1. Petitioner is not a taxpayer.  * * *
>
> * * * * * * *
>
> 5. "Income" as defined by law is limited to foreign earned income and/or war profits and/or windfall profits. * * *
>
> * * * * * * *
>
> 7. The determination of gross income and adjusted gross income is income applicable in Guam by the Guam Territorial income tax.  * * *
>
> * * * * * * *
>
> 12. That all property including money accepted with federal income tax returns, such as Form 1040, are accepted as gifts to the United States and not accepted as taxes. * * *
>
> 13. Tax Court has no jurisdiction regarding a deficiency of gifts to the United States and the instant deficiency notice is bogus and fraudulent.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  <u>Florida Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Summary judgment is

appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Summary judgment is appropriate where the facts deemed admitted pursuant to Rule 90(c) support a finding that there is no genuine issue as to any material fact. Morrison v. Commissioner, 81 T.C. 644, 651-652 (1983).

Based upon our review of the record, we are satisfied that there is no genuine issue of material fact and that respondent is entitled to judgment as a matter of law.

The deficiency determined by respondent in this case arises from a reconstruction of petitioner's taxable income because petitioner failed to provide respondent with adequate records or to file a Federal income tax return for 1995. The factual

allegations deemed admitted by petitioner under Rule 90(c) establish: (1) Petitioner received taxable income during 1995 in the amounts determined in the notice of deficiency; (2) petitioner failed to establish reasonable cause for his failure to file his income tax return and has provided no basis for his failure to pay estimated taxes during 1995; and (3) petitioner is liable for the deficiency and additions to tax for 1995 as determined by respondent in the notice of deficiency.

In sum, the factual allegations deemed admitted by petitioner under Rule 90(c) establish that respondent's determinations with respect to petitioner's liabilities for the deficiency and additions to tax for 1995 are correct, and we so hold.

In the absence of any dispute as to a material fact in this case, we shall grant respondent's motion for summary judgment.

Finally, we consider whether a penalty should be imposed under section 6673. Section 6673(a)(1) provides that, whenever it appears to the Tax Court that the taxpayer's position in a proceeding is frivolous or groundless, the Court may impose a penalty not in excess of $25,000. This Court has often imposed such penalties on taxpayers who make frivolous tax protester arguments. See, e.g., Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-413 (1984); Wilkinson v. Commissioner, 71 T.C. 633, 639-643 (1979); Philips

v. Commissioner, T.C. Memo. 1995-540, affd. without published opinion 99 F.3d 1146 (9th Cir. 1996); Santangelo v. Commissioner, T.C. Memo. 1995-468, affd. without published opinion 87 F.3d 1322 (9th Cir. 1996); McNeel v. Commissioner, T.C. Memo. 1995-211, affd. without published opinion 76 F.3d 387 (9th Cir. 1996); Devon v. Commissioner, T.C. Memo. 1995-206.

In a previous case involving petitioner, White v. Commissioner, T.C. Memo. 1997-459 (White I), that involved his 1992, 1993, and 1994 taxable years and the receipt of income from the same payors that are in issue in this case, we stated:

> Consistent with * * * [Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997)], we hold that petitioner has failed to state a claim upon which relief may be granted. In short, petitioner's assertion that respondent erred in relying on reports from third-party payors in determining the deficiencies in dispute, standing alone, carries no weight. * * *

> Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The circumstances here suggest that petitioner may have instituted this proceeding primarily for purposes of delay. However, we shall not now impose a penalty under section 6673(a)(1). Nonetheless we take this opportunity to admonish petitioner that the Court shall strongly consider imposing such a penalty if he returns to the Court and makes similar arguments in the future.

Even though the Court dismissed White I, petitioner filed his petition in this case using the same arguments as in White I, even after we cautioned him that we would strongly consider

imposing a penalty if he returned to the Court and made similar arguments.  Accordingly, pursuant to section 6673, we will impose a penalty on petitioner in the amount of $5,000.

To reflect the foregoing,

<u>An order granting respondent's motion for summary judgment and penalty and decision will be entered for respondent</u>.