BERNARD J. AND BARBARA J. HILLIG, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Hillig v. Commissioner
Docket Nos. 23150-88; 23151-88; 23152-88; 23153-88; 23154-88; 23155-88; 29833-88
United States Tax Court
T.C. Memo 1989-476; 1989 Tax Ct. Memo LEXIS 475; 57 T.C.M. (CCH) 1559; T.C.M. (RIA) 89476; August 31, 1989
*475 Jerry R. Goldstein, for the petitioners. Karen E. Chandler, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on petitioners' Motion to Vacate Order of Dismissal. On May 25, 1989, the Court entered an Order and Decision which, inter alia, dismissed the instant case for failure to comply with an order compelling discovery (Rule 104(c)) [2] and for failure properly to prosecute (Rule 123(b)). Both parties have briefed petitioners' motion. Having considered the arguments advanced by the parties, we must deny petitioners' motion. Petitioners' motion dwells upon purported justifications for violating an order we issued compelling discovery in the instant case. Petitioners, however, also violated a number of this Court's Rules, and we dismissed the instant case under Rule 123(b) because of their conduct in these proceedings. Petitioners ignored a proposed stipulation of facts submitted to them by *476 respondent, although Rule 91(a)(1) requires that parties to proceedings before the Court stipulate "to the fullest extent to which complete or qualified agreement can or fairly should be reached." Petitioners failed to submit a trial memorandum, thereby violating the Court's Standing Pre-Trial Order. That order warned the parties that failure to comply could result in dismissal of the instant case. Petitioners violated Rule 143(f) by failing to submit any expert witness report, although their inadequate response to the order compelling discovery disclosed that an expert would be used at trial. On May 10, 1989, the Court entered an order compelling production of documents. As already noted, petitioners have not complied with that order. Finally, the instant case was calendared for trial on May 22, 1989. At a May 17, 1989, hearing on respondent's motion for sanctions, petitioners' counsel conceded that he was unprepared to proceed to trial and moved for a continuance. Dismissal of a case is a sanction resting in our discretion. . Petitioners invoked the jurisdiction of this Court, and it was incumbent upon them *477 to follow our Rules and orders and use reasonable diligence in preparing for trial. They failed in all respects, and their conduct would have necessitated a continuance if the instant case had not been dismissed. That respondent moved to amend the answer is irrelevant. The Court need not have granted respondent's motion to amend or could have granted it without continuing trial, if the circumstances warranted. In fact, we denied respondent's motion to amend. The relevant facts are that the Court and respondent were ready for trial, while petitioners were not. Under the circumstances, dismissal was justified in order to protect the integrity of the Court's rules and orders. . In support of their motion to vacate, petitioners raise two principal arguments. First, they argue that any fault for the conduct of the proceedings in the instant case rests with counsel, not petitioners themselves, relying on certain cases, including . That case, however, explains that as in the case of a dismissal based on prejudice to a party, a dismissal based *478 on prejudice to the judicial system need not turn on the level of the client's, as opposed to his counsel's, complicity. . Petitioners' conduct in the proceedings in the instant case would have required an eleventh-hour continuance and rescheduling of trial. Moreover, we find merit in the following discussion in : There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." [Citation omitted.] Secondly, petitioners argue that neither they nor their counsel have been guilty of any fault and thus dismissal *479 is not warranted. However, as noted, a review of the record reveals that a dismissal was justified and, accordingly, this case was dismissed pursuant to Rule 123(b). To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Cases of the following petitioners have been consolidated herein: Bernard J. and Barbara J. Hillig, docket No. 23150-88, Louis D. and Carol B. Napoli, docket No. 23151-88, Joel B. and Susan G. Bowers, docket No. 23152-88, Barry G. and Elizabeth M. Brotman, docket No. 23153-88, Alfred P. and Elizabeth M. Coccaro, docket No. 23154-88, Robert L. Hamm, docket No. 23155-88, and Barry G. and Elizabeth Brotman, docket no. 29833-88. Except as otherwise noted, for convenience we will refer to the foregoing consolidated cases collectively as "the instant case."↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩