T.C. Memo. 1995-584

UNITED STATES TAX COURT

BRUCE M. CROW, Petitioner v
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1855-95.                    Filed December 6, 1995.

Bruce M. Crow, pro se.

Stephen M. Friedberg, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

--------

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
                                        (continued...)

and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion for Summary Judgment, filed May 22, 1995. Respondent contends that she is entitled to summary judgment on the ground that petitioner has failed to state a claim for relief.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner

_____

[1](...continued)
Practice and Procedure.

- 3 -

most favorable to the party opposing summary judgment.  Dahlstrom
v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v.
Commissioner, 79 T.C. 340, 344 (1982).

As explained in more detail below, we agree with respondent
that this case is ripe for summary adjudication.

Background

On November 16, 1994, respondent issued a statutory notice
of deficiency to petitioner determining deficiencies in, as well
as additions to and a penalty in respect of, his Federal income
taxes as follows:

| | | Additions to Tax and Penalty | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) | Sec. 6662(a), (c) |
|---|---|---|---|---|
| 1991 | $18,122 | --- | --- | $3,624.40 |
| 1992 | 35,893 | $8,836.25 | $1,538.92 | --- |

The deficiencies in income taxes are based on respondent's
determination that petitioner failed to report a number of items
of income for both 1991 and 1992, including nonemployee
compensation, unearned income, distributions from individual
retirement accounts, installment sale income, capital gains,
interest, and dividends.  Respondent also determined that,
because petitioner's wife filed a separate return for 1991 in
which she reported itemized deductions, petitioner improperly
claimed the standard deduction for that year, and petitioner
failed to report wage income for 1992.  Respondent's deficiency

determinations for both 1991 and 1992 include adjustments for self-employment tax under section 1401 and tax on premature distributions from individual retirement accounts under section 72(t).

The penalty under section 6662(a) and (c) is based on respondent's determination that the underpayment of tax on petitioner's 1991 tax return is due to negligence or disregard or rules or regulations. The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner's failure to timely file an income tax return for 1992 was not due to reasonable cause. The addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay the requisite amount of estimated income taxes for 1992.

Petitioner filed an imperfect petition on January 30, 1995.[2] Petitioner filed an amended petition on February 6, 1995, as directed by an Order of the Court dated February 1, 1995. The amended petition states in pertinent part:

> Notice of Deficiency is fraudulent, as it is based on a Virgin Islands, Non-taxable return, per transaction code 150 and DLN posted to petitioner's IMF pursuant to IRM3.

Respondent filed an answer to the amended petition on April 5, 1995. Petitioner then filed a reply to respondent's answer,

---

[2] At the time the petition was filed, petitioner resided at Richmond, Va.

stating that he is not a taxpayer and is not engaged in a "revenue taxable activity".

As indicated, respondent filed a Motion for Summary Judgment on May 22, 1995. By Order dated May 24, 1995, this matter was set for hearing in Washington, D.C. on July 12, 1995. On June 2, 1995, petitioner filed an Opposition to Summary Judgment, stating that he filed his amended petition after being misled and defrauded by a tax protester identified as Fred Class. Petitioner's opposition included a request that respondent's Motion for Summary Judgment be denied and that petitioner be given the opportunity to file a petition stating a claim for relief.

This case was called for hearing in Washington, D.C., on July 12, 1995. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. Petitioner did not appear at the hearing. Nevertheless, in light of the statements made by petitioner in his opposition to respondent's motion, the Court decided to give petitioner a further opportunity to file a proper amended petition. In this regard, petitioner was directed by Order dated July 12, 1995, to file a proper second amended petition by August 14, 1995. The Order further indicated that, upon failure of petitioner to comply therewith, the Court would be inclined to grant respondent's Motion for Summary Judgment, enter a decision

against petitioner in the amounts set forth in the notice of deficiency, and consider imposing a penalty against petitioner under section 6673.  Respondent's Motion for Summary Judgment was continued for further hearing to August 16, 1995, in Washington, D.C.

On August 8, 1995, petitioner filed a second amended petition which in large part repeats and expands upon the arguments found in both his amended petition and his reply to respondent's answer.  Among his various contentions, petitioner alleged that respondent erred in determining that petitioner earned nonemployee compensation for the years in issue on the ground that the compensation in question was paid in the form of corporate stock subject to section 83.  Petitioner also alleged that respondent erred in determining that he failed to report unearned income for the years in issue.  In particular, petitioner asserted that the notes and contracts of sale that are the subject of this adjustment were not sold as respondent determined but, rather, were the subject of a "like kind exchange" with an individual identified as James Shinault.

This case was again called for hearing in Washington, D.C., on August 16, 1995.  Counsel for respondent appeared at the hearing and presented further argument in support of the pending motion.  Petitioner did not appear at the hearing.

Upon review of petitioner's second amended petition, the Court recognized that although the allegations discussed above might possibly constitute assignments of error as required under Rule 34(b)(4), petitioner nonetheless failed to adequately articulate the facts supporting these assignments of error as required under Rule 34(b)(5). In this regard, by Order dated September 7, 1995, we directed petitioner to file an amendment to his second amended petition, on or before September 29, 1995, setting forth clear and concise statements of the facts on which petitioner bases the assignments of error. More specifically, to the extent that petitioner contends that he did not earn nonemployee compensation during the years in issue, petitioner was directed to identify any and all corporate stock that he purportedly received as compensation for services rendered during the years in issue by listing the issuer of such stock, date of issuance, number of shares, and any and all restrictions imposed upon petitioner in respect of such stock, i.e., any restrictions limiting transfer of the stock or any limitation posing a substantial risk of forfeiture of the stock. Sec. 1.83-3(b), Income Tax Regs. In addition, petitioner was directed to state the facts supporting his contention that he engaged in a like-kind exchange with respect to the notes and contracts of sale that respondent determined were sold during the years in issue. Petitioner was directed to specifically identify: (1) Both the

notes and contracts of sale in question, as well as any and all property or property interests that petitioner received in exchange for said items; (2) the dates that such items were exchanged; and (3) the identity of the party engaging in such like-kind exchange with petitioner.

Petitioner failed to properly respond to the Court's Order dated September 7, 1995. In particular, on September 27, 1995, petitioner filed a Motion to Reconsider with respect to said order, which motion was denied on October 4, 1995. Despite the inadequacy of petitioner's Motion for Reconsideration, it is now evident that petitioner's primary theory in this case is that any amounts paid to him in the form of a bank or payroll check constitute corporate stock subject to section 83 and that an exchange of his labor for property (such as a payroll check) does not result in taxable income.

On October 18, 1995, petitioner filed a Motion to Dismiss for Lack of Jurisdiction, which was frivolous. Petitioner's motion was denied October 19, 1995.

Discussion

Rule 121 provides that either party may move for summary adjudication upon all or any of the legal issues in dispute if the moving party can establish that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Thus, respondent's Motion for Summary Judgment is to be

granted only if, on the facts, she is entitled to a decision as a matter of law. Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).

On the other hand, respondent's determinations are presumed correct; the burden of proof is on petitioner to show that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Beard v. Commissioner, 82 T.C. 766, 773 (1984), affd. 793 F.2d 139 (6th Cir. 1986). In addition, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The amended petition and second amended petition filed herein contain tax protester-type legal arguments with respect to the deficiencies and additions to tax and penalty determined by respondent. Petitioner does not dispute the facts underlying respondent's determinations. Moreover, all of the arguments raised by petitioner have been uniformly rejected by this and other courts. Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Unfortunately, petitioner ignored the opportunities presented to him to assign error and allege specific facts concerning his liabilities for the taxable years in issue.

We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them

before.  E.g., <u>Nieman v. Commissioner</u>, T.C. Memo. 1993-533;
<u>Solomon v. Commissioner</u>, T.C. Memo. 1993-509, affd. without
published opinion 43 F.3d 1391 (7th Cir. 1994).  Further, as the
Court of Appeals for the Fifth Circuit has remarked:  "We
perceive no need to refute these arguments with somber reasoning
and copious citation of precedent; to do so might suggest that
these arguments have some colorable merit."  <u>Crain v.
Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

The absence in the pleadings filed by petitioner of specific
justiciable allegations of error and supporting facts is
sufficient to grant a motion for summary judgment.  Based on the
record herein, respondent is entitled to judgment as a matter of
law, and we so hold.  <u>Beard v. Commissioner</u>, 82 T.C. at 772-773;
<u>Rowlee v. Commissioner</u>, <u>supra</u> at 1117 n.3, and cases cited
therein.

We turn now to the question of whether we should impose a
penalty against petitioner under section 6673(a).  As relevant
herein, section 6673(a)(1) authorizes the Tax Court to require a
taxpayer to pay to the United States a penalty not in excess of
$25,000 whenever it appears that proceedings have been instituted
or maintained by the taxpayer primarily for delay or that the
taxpayer's position in such proceeding is frivolous or
groundless.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). As previously indicated, petitioner's position, as articulated in his amended petition and second amended petition, consists solely of tax protester rhetoric and legalistic gibberish. Based on well-established law, petitioner's position is frivolous and groundless.

We are also satisfied that petitioner brought these proceedings primarily for purposes of delay. Despite the request made in petitioner's Opposition to Summary Judgment filed June 2, 1995, that he be given a further opportunity to file a proper amended petition, petitioner filed a second amended petition, and later a motion for reconsideration, filled with time-worn tax protester arguments. Under the circumstances, it is evident that petitioner regards this case as a vehicle to protest the tax laws of this country and nothing more. It is equally clear that petitioner filed his Opposition to Summary Judgment with the willful intent to mislead the Court and protract these proceedings. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed.

Petitioner was warned that the Court would consider imposing a penalty under section 6673(a)(1) in the event of his failure to

comply with the Court's Order directing the filing of a proper second amended petition.  Considering all of the circumstances, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $2,500.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Abrams v. Commissioner, supra at 408-411.

To reflect the foregoing,

An order and decision will be entered granting respondent's Motion for Summary Judgment and imposing a penalty upon petitioner pursuant to section 6673(a)(1).