T.C. Memo. 1996-114

UNITED STATES TAX COURT

STEPHEN V. TALMAGE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 339-95.                          Filed March 11, 1996.

Stephen V. Talmage, pro se.

Amy A. Campbell, for respondent.

MEMORANDUM OPINION

BEGHE, Judge:  Respondent determined the following
deficiency in and additions to petitioner's 1991 Federal income
tax:

|  | Additions to Tax | |
| --- | --- | --- |
| Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| $17,391 | $3,439 | $96 |

Except where otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case is before the Court on various outstanding motions. The issues for decision are: (1) Whether to grant respondent's motion to dismiss for lack of prosecution; (2) whether to grant petitioner's motion for summary judgment; and (3) whether to grant respondent's motion for a section 6673 penalty.

When petitioner Stephen V. Talmage filed his petition in this case, he resided in Piedmont, South Carolina.

Petitioner, an employee of United Parcel Service, Inc. (UPS), filed no Federal income tax return for 1991. On the basis of statements sent to respondent by the payors, respondent, in her notice of deficiency, dated October 7, 1994, attributed to petitioner wages of $41,520 from UPS, nonemployee compensation of $24,801 from Matol Botanical International, Montreal, Canada, and dividend income of $60 from the Common Sense Growth Fund.

In his petition, filed January 5, 1995, petitioner asserted various tax protester arguments (e.g., that he was not subject to the jurisdiction of the Internal Revenue Service; that he was not a taxpayer or person as defined in the Code; and that tax forms issued by Internal Revenue Service failed to display OMB numbers

or to comply with the Privacy Act). Petitioner also claimed that he was entitled to deductions for business expenses and itemized deductions sufficient to eliminate or greatly reduce any tax liability, but did not allege any facts to support these claims.

Respondent's, answer, filed February 6, 1995, denied all of petitioner's assignments of error and supporting allegations.

On June 1, 1995, we set the case for trial on November 6, 1995, at a regular trial session of this Court to be held at Columbia, South Carolina, and sent petitioner a copy of our standing pretrial order, containing the usual instructions to the parties: To begin discussions as soon as practicable, to negotiate in good faith, to settle minor issues, to stipulate facts to the maximum extent possible, to prepare and file trial memoranda, to identify witnesses in advance, and to prepare for trial, and warning the parties that any unexcused failure to comply with the order adversely affecting the timing or conduct of the trial could cause this Court to impose sanctions, including dismissal of the case.

On August 18, 1995, petitioner filed a "Motion for Dismissal of Case", alleging that he had filed the petition based on a misunderstanding of his legal status, and purporting to cancel his signatures on the petition and attachments to the petition.

On September 6, 1995, we issued an order denying petitioner's Motion for Dismissal of Case. We explained that Bradley v. Commissioner, T.C. Memo. 1985-364, and Estate of Ming

v. Commissioner, 62 T.C. 519, 521 (1974) (citing Dorl v. Commissioner, 57 T.C. 720, 721-722 (1972)), establish that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until the Court decides the case. We warned petitioner that section 6673 authorizes the Court to impose a penalty for groundless and frivolous filings by taxpayers. Our order urged petitioner to confer with respondent's counsel and submit to her documentary evidence to substantiate his assertions about business expenses and itemized deductions.

On September 18, 1995, respondent filed a Motion To Show Cause Why Proposed Facts In Evidence Should Not Be Accepted As Established. Because petitioner had failed to confer with respondent about entering into a stipulation of facts in accordance with Rule 91, respondent moved that a proposed stipulation of facts that respondent had prepared should be accepted as established. Respondent's proposed stipulation set forth each of the individual items of income that respondent attributed to petitioner; attached thereto was a descriptive list of the sources and locations of the evidence supporting the facts in the proposed stipulation, making it clear that the critical assertions about the items of income were derived from information returns received by respondent from payors. The proposed stipulation also stated that petitioner is liable for self-employment tax and is entitled to the filing status of

married filing separately, to a personal exemption, and to the self-employment tax deduction.

On September 19, 1995, we issued an order directing petitioner to file a response showing why the facts and evidence set forth in respondent's proposed stipulation of facts should not be accepted as established for the purposes of the case.

On October 3, 1995, petitioner sent respondent Petitioner's Request for Admissions, which demanded answers to 21 questions of a general legal nature without any reference to the particular circumstances of this case.

Petitioner's Objection To Motion To Show Cause Why Proposed Facts In Evidence Should Not Be Accepted As Established was filed on October 12, 1995.  It contained a potted history of early income tax cases, culminating with some references to petitioner's efforts to file a return under section 83 that would obviate any taxable gain from his services, all of which purportedly led petitioner to conclude that his receipts were not income and that this Court had no jurisdiction over the case.  It also contained various complaints about the procedures that respondent had followed in this case.

On October 13, 1995, this Court filed respondent's Motion For Protective Order, which asked this Court to enter an order that respondent need not answer petitioner's request for admissions because it had been made shortly before trial, without the informal consultation required by <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691 (1974).  Attached to respondent's

motion were copies of respondent's July 20 and July 26, 1995, letters, in which respondent had attempted to schedule meetings with petitioner to prepare the case for trial and which had been accompanied by a proposed stipulation of facts, an informal request for information, a copy of Rule 91 of the Court's Rules (concerning stipulations for trial), a copy of Publication 947, and two copies of Form 2848.  Petitioner  returned these letters to respondent stamped as follows:

                    REFUSED FOR CAUSE
                    WITHOUT DISHONOR
                       U.C.C. 3-501
                    DATE _____

     Also on October 13, 1995, we issued another order in which we noted that petitioner's objection and request for admissions had continued the tax protester course that we had warned him against.  We rejected petitioner's tax protester arguments and referred him to the recently issued opinion in Santangelo v. Commissioner, T.C. Memo. 1995-468, which had rejected the identical section 83 argument made by the taxpayer in that case. We made absolute our order to show cause and thereby accepted as established for the purposes of this case the facts set forth in respondent's proposed stipulation of facts.  We once more urged petitioner to provide respondent's counsel with the documentation supporting his asserted business expenses and itemized deductions and to settle the case by agreement.

     Our order of October 13, 1995, also instructed the Clerk of the Court to return petitioner's request for admissions unfiled

and stated that respondent need not respond to the request. We warned petitioner that, in view of his already having wasted the time of this Court and of respondent, he had put himself in danger of a penalty being imposed on him under section 6673, and referred to our previous warning about sanctions. We also stated that petitioner's time-wasting and dilatory tactics put him dangerously close to being in violation of the 15-day rule stated in the standing pretrial order. We pointed out that, under that rule, petitioner only had until October 21, 1995, the unrestricted right to present to respondent the documentary evidence to substantiate his asserted business expenses and itemized deductions.

On October 25, 1995, petitioner filed a Motion For Continuance asking for a delay of 60 days "to get proper counsel", in view of the fact that the petition which the Court viewed as frivolous had been filed by him in the first place "based on faulty advice".

On October 27, 1995, we issued an order denying petitioner's Motion for Continuance. We prefaced that order by reminding petitioner that the notice setting the case for trial states in block capitals that failure to appear at the calendar call or to cooperate in the pretrial stipulation process may "RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU". We repeated our warnings about a section 6673 penalty and petitioner's obligation to meet with respondent's counsel to

present documentary evidence to substantiate his alleged deductions.

On November 6, 1995, at the calendar call of the Court's Columbia, South Carolina, trial session, respondent filed two motions, a Motion To Dismiss For Lack Of Prosecution and a Motion For Sanctions Under I.R.C. Section 6673(a).

Petitioner appeared pro se at the calendar call and proffered a "Statement of Legal Claims", setting forth the arguments we discuss infra. Petitioner refused to support his claims about business expenses and itemized deductions. He said that he was exclusively interested in pursuing his legal arguments about section 83 on appeal. In response to our question whether he had any documentation to support his deductions, petitioner stated in open court: "I will concede all of the facts of the case today if they can show me how to comply with section 83". We told him that we would file his "Statement of Legal Claims" as a motion for summary judgment.

On November 17, 1995, this Court filed what petitioner described in his covering letter as a "graduated package" of four motions, consisting of (1) Petitioner's Motion to Strike Respondent's Motion for Sanctions, (2) Petitioner's Motion to Deny Respondent's Request for Sanctions, (3) Petitioner's Motion to Strike Respondent's Motion to Dismiss for Lack of Prosecution, and (4) Petitioner's Motion to Deny Respondent's Motion to Dismiss for Lack of Prosecution.

On November 22, 1995, we issued an order denying petitioner's motions (1) and (3), to strike respondent's motion for sanctions and to strike respondent's motion to dismiss for lack of prosecution. These motions of petitioner were clearly frivolous and groundless, being based upon respondent's having given petitioner copies of the motions bearing stamped signatures, although respondent had filed signed originals with the Court, in compliance with Rule 23(a)(3).

On December 26, 1995, this Court filed Respondent's Response to Petitioner's Motion to Deny Respondent's Motion to Dismiss for Lack of Prosecution, Motion for Summary Judgment, and Motion to Deny Respondent's Request for Sanctions.

There thus remain for disposition the following matters: (1) respondent's motion to dismiss for failure to prosecute and petitioner's deemed motion for summary judgment, and (2) respondent's motion for a penalty under section 6673.

Discussion

Issue 1. Dismissal v. Summary Judgment

This Court, like every court, has the inherent power, in the exercise of its discretion, to dismiss a case for want of prosecution. Link v. Wabash Railroad Co., 370 U.S. 626, 629-632 (1962) (failure of counsel with history of dilatory conduct of case to appear at pretrial conference); Steyr-Daimler-Puch of America Corp. v. Pappas, 852 F.2d 132, 134 (4th Cir. 1988) (failure to obey numerous court orders); Ducommun v. Commissioner, 732 F.2d 752, 754 (10th Cir. 1983), affg. Orders of

this Court (failure to comply with subpoena duces tecum or to settle or enter into meaningful stipulation of facts); <u>Harper v. Commissioner</u>, 99 T.C. 533, 540 (1992) (failure to comply with discovery requests and orders or to prepare for trial); <u>Levy v. Commissioner</u>, 87 T.C. 794, 803 (1986) (failure to stipulate facts or to prepare for trial).

The legal standard for involuntary dismissals under Federal Rule of Civil Procedure 41(b) governs dismissals in the Tax Court under our Rule 123(b). <u>Hillig v. Commissioner</u>, 916 F.2d 171, 173 (4th Cir. 1990), vacating and remanding on this ground T.C. Memo. 1989-476; <u>Freedson v. Commissioner</u>, 565 F.2d 954, 954-955 (5th Cir. 1978), affg. 67 T.C. 931 (1977) and 65 T.C. 333 (1975); <u>Harper v. Commissioner</u>, <u>supra</u> at 540; Explanatory Note to Rule 123(b), 60 T.C. 1129-1130.

We have dismissed, for failure properly to prosecute, the cases of taxpayers who made tax protester[1] arguments that we found frivolous. <u>McCoy v. Commissioner</u>, 76 T.C. 1027, 1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983) (tax protester arguments, but also failure to respond to interrogatories and to produce requested documents). Cf. <u>May v. Commissioner</u>, 752 F.2d 1301, 1303-1304 (8th Cir. 1985), affg. an Order of this Court (tax protester arguments, including denial that wages are income; dismissal for failure to state a claim). However, in <u>Mathes v.</u>

---

[1]Petitioner, like the taxpayer in <u>Santangelo v. Commissioner</u>, T.C. Memo. 1995-468, denies that he is a tax protester.

Commissioner, 788 F.2d 33, 35 (D.C. Cir. 1986), affg. on other grounds an Order of this Court, Justice (then Judge) Scalia expressed the view that the mere weakness of a party's arguments can never by itself justify dismissal for failure to prosecute-- "The substantive merits of a claim are of course irrelevant to the propriety of a dismissal for failure to prosecute"--and affirmed our order to dismiss for failure to prosecute not because the taxpayer's arguments were frivolous but because he had disobeyed orders and failed to appear at trial.

The Court of Appeals for the Fourth Circuit, to which appeal in this case would lie, requires the trial court to consider four factors before dismissing a case for failure to prosecute:  (1) The plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the opposing party; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  Hillig v. Commissioner, 916 F.2d at 174.  We have said that we will not dismiss a case if a lesser sanction is available and appropriate.  Freedson v. Commissioner, 67 T.C. at 937.

Some of the factors in the Fourth Circuit test militate in favor of dismissing this case.  Petitioner is personally responsible for a series of actions that have dragged out and delayed the case substantially.  Had petitioner not asserted in his petition that he was entitled to deduct business expenses and miscellaneous itemized deductions that he could substantiate, we

would long ago have granted a motion by respondent to dismiss the case for failure to state a claim. However, petitioner's continued refusal to bring forward any evidence to support those deductions, culminating in his statement at the calendar call that he was conceding them in the interests of pressing his section 83 claim on appeal, leads us to conclude that they were either totally unfounded or asserted merely for purposes of delay. As a result, respondent has been put to considerable trouble and expense. In addition, petitioner has repeatedly acted in derogation of the pretrial standing order and other orders of this Court. All of this would lead us to conclude that petitioner should be sanctioned. However, upon consideration of the fourth factor (the sufficiency of lesser sanctions) the preference expressed by the Court of Appeals for the Fourth Circuit in Hillig v. Commissioner, 916 F.2d at 174-175, for monetary sanctions rather than dismissal leads us to choose a monetary sanction, for which respondent has also moved, rather than dismissal. We discuss the monetary sanction infra.

At the pretrial calendar call, we stated that we would treat petitioner's Statement of Legal Claims as a motion for summary judgment. In addition, by our order of October 13, 1995, the facts set forth in respondent's proposed stipulation of facts were deemed established for purposes of this case pursuant to Rule 91(f). Inasmuch as petitioner wishes to press his "legal" arguments, as opposed to the assignments of factual error

originally included in his petition, and has produced no evidence in support of those assignments, we regard him as having conceded the factual issues and to be confining himself to his arguments. Consequently, we will treat respondent's motion to dismiss as one for summary judgment, and resolve this case through summary judgment. Fitzpatrick v. Commissioner, T.C. Memo. 1995-548; Duverseau v. Commissioner, T.C. Memo. 1993-569.[2]

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

---

[2]The fact that matters outside the pleadings help us to reach the result, even though they are not absolutely necessary, also induces us to resolve this case through summary judgment. Consequently, summary judgment is a more appropriate disposition than dismissal. Behrens v. Pelletier, 516 U.S. ___, ___, 1996 WL 71218 (Feb. 20, 1996); Travel All Over the World, Inc. v. Saudi Arabia, 73 F.3d 1423, 1430 (7th Cir. 1996).

Because the issues are purely legal, this case is ripe for summary judgment. Tax protester arguments like the claim that wages are not taxable income also suffice (as an alternative to dismissal, and in the absence of better argument) to justify summary judgment for respondent. Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986) (wages not income), affg. an Order of this Court; Beard v. Commissioner, 82 T.C. 766, 772-774 (1984) (wages not income), affd. per curiam 793 F.2d 139 (6th Cir. 1986); Cornell v. Commissioner, T.C. Memo. 1983-370 (wages not income). Even if wages are, in effect, an exchange of equal value for value, they are nevertheless taxable income. Rowlee v. Commissioner, 80 T.C. 1111, 1121-1122 (1983); Rice v. Commissioner, T.C. Memo. 1982-129. And even if we apply section 1001 to determine petitioner's gain, his basis is defined under sections 1011 and 1012 as his cost, not fair market value. Since he paid nothing for his labor, his cost and thus his basis are zero. Rice v. Commissioner, supra. Consequently, even under section 1001, his taxable income from his labor is his total gain reduced by nothing, i.e., his wages.

Petitioner's primary argument[3] is that section 83, Property Transferred in Connection with Performance of Services, has the effect of exempting his wages from income tax because it requires us to apply section 1012, which specifies that cost should be used to determine the basis of property (unless the Code provides otherwise) to determine the extent to which wages constitute taxable income. Petitioner asserts that he "paid" for his wages with his labor and that section 83 allows the value of his labor as a cost to be offset against his wages, thereby exempting them from tax. Section 83 provides that property received for services is taxable to the recipient of the property to the

[3]Petitioner advances some other frivolous arguments. He claims that sec. 3121(e) ("An individual who is a citizen of the Commonwealth of Puerto Rico (but not otherwise a citizen of the United States) shall be considered, for purposes of this section, as a citizen of the United States") implies that he is not a citizen of the United States for the purposes of the income tax. Obviously, that subsection includes citizens of Puerto Rico among people considered citizens of the United States for the purposes of sec. 3121, which has to do with the FICA tax, but it does not exclude other citizens of the United States from that class. In any case, the words "for purposes of this section" (which petitioner significantly omits) mean that the provision has no effect on the income tax, which is what is at issue in the case at hand. Attempting to reach the same result, he similarly misuses secs. 1402(b) and 7655. Petitioner also claims that sec. 6201, Assessment Authority, limits respondent's authority to assess taxes to taxes paid by stamp. Sec. 6201 does grant respondent assessment authority, and other authority, with respect to taxes payable by stamp, but it also grants such authority with respect to all taxes as to which returns or lists are made under the Code, and this clearly includes the income tax.

Significantly, these same subsidiary arguments, as well as petitioner's main argument, were made in precisely the same words, and rejected by us, in Santangelo v. Commissioner, T.C. Memo. 1995-468.

extent of its fair market value minus the amount (if any) paid for the property.  In attempting to equate his wages with property for which he has a tax cost, petitioner's argument is nothing more than a variation of the wages-are-not-income claim frequently advanced by tax protesters, and it is completely without merit.  Gammon v. Commissioner, T.C. Memo. 1996-4; Santangelo v. Commissioner, T.C. Memo. 1995-468.  Cf. Crow v. Commissioner, T.C. Memo. 1995-584.  Petitioner's argument fails for the same reason that other protesters' arguments fail; the worker's cost for his services--and thus his basis--is zero, not their fair market value.

We will therefore deny petitioner's motion for summary judgment and grant summary judgment to respondent.

Issue 2. Section 6673 Penalty

Respondent has also moved that we impose a penalty against petitioner under section 6673(a) of $25,000 or such other amount as we deem appropriate because petitioner's positions are frivolous and groundless and he instituted and maintained this proceeding primarily for delay.

We have imposed section 6673 penalties on taxpayers who have made frivolous tax protester arguments.  Coleman v. Commissioner, 791 F.2d 68, 72 (7th Cir. 1986) (wages not income), affg. an Order of this Court; Granzow v. Commissioner, 739 F.2d 265, 267-268 (7th Cir. 1984) (wages not income), affg. per curiam 3 decisions, (i) an Order of this Court, (ii) Basic Bible Church v.

Commissioner, 74 T.C. 846 (1980), and (iii) Kile v. Commissioner, an Order of this Court; Greenberg v. Commissioner, 73 T.C. 806, 813-816 (1980) (tax protester arguments); Wilkinson v. Commissioner, 71 T.C. 633, 639-643 (1979) (tax protester arguments); Cornell v. Commissioner, T.C. Memo. 1983-370 (wages not income).

Petitioner denies being a tax protester and claims to be seeking answers to his questions in good faith.  Whether or not his primary motivation is protest--as we suspect it is--his section 83 arguments are too close to the conventional protester's wages-are-not-income arguments not to be frivolous. Indeed, we have already held such section 83 arguments to be frivolous, thus justifying imposition of a section 6673 penalty. Santangelo v. Commissioner, supra.

The inquiry in deciding whether a party's position is frivolous is objective.  If a person knew or should have known that his position is without merit, a court may and should impose sanctions.  Coleman v. Commissioner, 791 F.2d at 71-72; May v. Commissioner, 752 F.2d at 1307.  Parties who sign pleadings certify that they are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.  Rule 33(b).  A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument

-18-

for change in the law.  <u>Coleman v. Commissioner</u>, 791 F.2d at 71.[4]

Under this standard, petitioner's section 83 argument is

frivolous, and independently justifies imposition of a section

6673 penalty on that ground.

Because, as we have said, we suspect that petitioner's

primary motivation is protest, we cannot consistently say that he

instituted or maintained this proceeding primarily for delay.

Respondent claims that petitioner's primary purpose was delay;

petitioner's conduct has certainly caused a great deal of delay

in the case, preventing earlier dismissal for failure to state a

claim and thereby wasting the time both of this Court and of

respondent.  But that is not to say that his primary purpose was

delay.  Indeed, we believe that, while it was one of his

purposes, it was not primary.  Section 6673(a)(1)(A) therefore

does not justify imposing a penalty on him.  Because, however,

petitioner's position in this proceeding is frivolous or

groundless, section 6673(a)(1)(B) justifies imposing a penalty on

him.

Petitioner cannot claim that a penalty is unexpected.  We

repeatedly warned him that he ran the risk of incurring a penalty

---

[4]Under Fed. R. Civ. P. 11, the rule for determining whether
a complaint is frivolous has been stated to be whether it has
absolutely no chance of success under existing precedents.
<u>Brubaker v. City of Richmond</u>, 943 F.2d 1363, 1373, 1377, 1378,
1385 (4th Cir. 1991); <u>Cleveland Demolition Co. v. Azcon Scrap
Corp.</u>, 827 F.2d 984, 988 (4th Cir. 1987).  Cf. <u>Morley v. Ciba-
Geigy Corp.</u>, 66 F.3d 21, 25 (2d Cir. 1995); <u>Caisse Nationale de
Credit Agricole-CNCA, New York Branch v. Valcorp, Inc.</u>, 28 F.3d
259, 264 (2d Cir. 1994).

if he persisted with his frivolous arguments. Irrespective of whether his conduct was in bad faith, it was certainly willful. Thus, the section 6673 penalty is fully justified. <u>May v. Commissioner</u>, <u>supra</u> at 1308-1309. We therefore grant respondent's motion for a penalty.

Respondent states that she has spent 38 hours of attorney time and 38 hours of the time of other employees on the case at hand. She has also pointed out that petitioner's arguments in this case are virtually identical to those in <u>Santangelo v. Commissioner</u>, <u>supra</u>, in which we dismissed the case for failure to state a claim and imposed a penalty of $2,500. We repeatedly brought <u>Santangelo</u> to petitioner's attention, and the deficiency and additions in this case are more than twice the amount of the deficiencies and additions in <u>Santangelo</u>.

The section 6673(a) penalty exists to deter actions that result in repeated failures to follow the rules to which all who litigate before us must conform. As Judge Easterbrook said in <u>Coleman v. Commissioner</u>, 791 F.2d at 72:

> People who wish to express displeasure with taxes must choose other forums, and there are many available. Taxes are onerous, no doubt, and the size of the tax burden gives people reason to hope that they can escape payment. Self-interest calls forth obtuseness. An obtuse belief--even if sincerely held--is no refuge, no warrant for imposing delay on the legal system and costs on one's adversaries. The more costly obtuseness becomes, the less there will be.

If the penalty is to have any likelihood of proper deterrent effect on this petitioner and others who might be inclined to

pursue a similar course, repeated bites of the apple should become more expensive.[5]  Cf. <u>Harper v. Commissioner</u>, 99 T.C. at 553.  In view of the foregoing, we impose a section 6673 penalty of $6,500.

Petitioner stated at the calendar call that he wished to appeal our decision against him, which he obviously expected.  We conclude by informing petitioner, as we have informed other taxpayers taking frivolous positions, <u>Abrams v. Commissioner</u>, 82 T.C. 403, 410-412 (1984); <u>DiCarlo v. Commissioner</u>, T.C. Memo. 1992-280, that the Courts of Appeals have their own sanctioning powers to deal with frivolous appeals.  Sec. 7482(c)(4); 28

---

[5]Our numerous warnings to petitioner have gone unheeded.  On Feb. 8, 1996, the Court filed petitioner's Motion for a More Definite Statement, notwithstanding that it was not accompanied by proof of service on respondent.  The motion states:

> The Respondent has motioned for penalties but will not tell Petitioner how to comply with Section 83. Therefore the Petitioner would ask the court to explain the operation of Section 83 and how Petitioner can comply with it in the future.

We will deny petitioner's motion, along with his other outstanding motions, without requesting any response from respondent.  Under Rule 51, a motion for more definite statement is appropriate only with respect to a vague or ambiguous pleading as to which a responsive pleading is permitted or required.  No useful purpose would be served--it would be a waste of respondent's time--to ask her to consider and respond to petitioner's motion.  As shown by our discussion of Issue 1, <u>supra</u>, petitioner is mistaken in assuming that compliance with sec. 83 would provide a means for excluding from gross income the compensation that he received for his services.  Sec. 83, by its terms, implements the broad statutory mandate of sec. 61(a)(1)-- to include in gross income all compensation for services--by providing a specific regime for determining the timing and amount of compensation income received in the form of property subject to restrictions.

U.S.C. sec. 1912 (1988); Fed. R. App. P. 38. The Court of Appeals for the Fourth Circuit, to which this case is appealable, has not hesitated in appropriate cases to use its power to order sanctions under these provisions. Bast v. Cohen, Dunn & Sinclair, PC, 59 F.3d 492, 496 (4th Cir. 1995) (complete absence of properly pleaded civil RICO claim); In re Lane, 991 F.2d 105, 108 (4th Cir. 1993) (continued litigation of previously decided issues); Sterner v. Commissioner, 867 F.2d 609, 1989 WL 5432 (4th Cir. 1989), affg. without published opinion an Order of this Court (tax protester arguments: Fifth Amendment right not to file income tax return, right to jury trial, constitutional right to litigate), with nine unpublished cases cited therein, including Dixon v. Commissioner, 836 F.2d 546, 1996 WL 30232 (4th Cir. 1987), affg. without published opinion T.C. Memo. 1986-563 (tax protester arguments: jury trial, constitutional right to litigate); Dalton v. United States, 800 F.2d 1316, 1320 (4th Cir. 1986) (tax protester against Defense Department); see also Coleman v. Commissioner, 791 F.2d at 72-73; Mathes v. Commissioner, 788 F.2d at 34-36.

> An appropriate order and decision will be entered for respondent.