T.C. Memo. 1999-180

UNITED STATES TAX COURT

KERMIT W. KINKADE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 604-98.                              Filed June 1, 1999.

Kermit W. Kinkade, pro se.

<u>D. Lyndell Pickett</u>, for respondent.

MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  Respondent determined the following
deficiencies in and additions to petitioner's Federal income
taxes:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $4,008 | $1,002 | --- |
| 1993 | 10,387 | 2,597 | $318 |
| 1994 | 8,861 | 2,215 | 359 |

All section references are to the Internal Revenue Code in effect for the years in issue.  All monetary amounts have been rounded to the nearest dollar.

Background

Petitioner filed a pro se petition using a form that had obviously been prepared by someone else.  Petitioner disputed respondent's determinations, but he failed to allege any facts in support of his position.  Petitioner attached to his petition Exhibit "A", stating as follows:

EXHIBIT "A"

DEMAND IS MADE THAT THE TAX COURT TRANSFER THIS CASE TO THE APPELLATE DIVISION OF THE IRS ON THE GROUNDS THAT THIS TAXPAYER HAS BEEN DENIED DUE PROCESS OF LAW, AND HAS A SUBSTANTIAL CLAIM UNDER THE "NEW" TAXPAYER BILL OF RIGHTS, AGAINST THE AGENT AND THE IRS, PLUS OTHER CAUSES OF ACTION THAT HAVE NOT BEEN FULLY DETERMINED AS OF THE PRESENT DATE.

AVOIDANCE AND/OR AFFIRMATIVE DEFENSES
PETITIONER ALLEGES AS AN AVOIDANCE AND/OR AFFIRMATIVE DEFENSE EACH OF THE FOLLOWING THAT HAVE BEEN MARKED BY AN "X" ON THE LINE BEFORE THE ITEM LISTED:

 X   RES JUDICATA

 X   ESTOPPEL

 X   WAIVER

 X   DURESS

 X   FRAUD

 X   STATUTE OF LIMITATIONS

 X   INVALID NOTICE OF DEFICIENCY NOT COMPLYING
     WITH THE TAX CODE PROVISIONS

   X   FAILURE TO PROVIDE FREEDOM OF INFORMATION ACT
DOCUMENTS AND MATERIALS NECESSARY FOR
PETITIONER TO PREPARE FOR TRIAL

   X   FAILURE OF RESPONDENT TO "FULLY COOPERATE" AS
PROVIDED BY THE STANDING ORDER

   X   FAILURE OF RESPONDENT TO EXHAUST
ADMINISTRATIVE REMEDIES.  NO PRIOR CONTACT

   X   LACHES

   X   THE "CLEAN HANDS" DOCTRINE (UNCLEAN HANDS OF
RESPONDENT)

   X   ILLEGALITY

   X   FAILURE OF JURISDICTION OVER PETITIONER

       DISCHARGE IN BANKRUPTCY

       OTHER _____

This case was calendared for trial at the Court's Louisville, Kentucky, trial session beginning January 11, 1999. It came to the Court's attention that petitioner had another case for 1995, docket No. 7944-98, that was calendared for trial at the Court's Louisville, Kentucky, trial session beginning February 16, 1999.  The petition disputing respondent's determinations in petitioner's 1995 case interposed the same laundry list of "Avoidance and/or Affirmative Defenses".

The Court calendared the case at docket No. 7944-98 for oral report with this case at the January 11, 1999, Louisville trial session.

Respondent served a timely trial memorandum alerting petitioner that respondent would seek a penalty under section 6673 against petitioner for asserting groundless and frivolous positions. The Court attempted to have a pretrial telephone conference with the parties, but was unable to do so because petitioner had not provided a current address and telephone number. At the calendar call, respondent filed a motion for the imposition of a penalty under section 6673, reciting that respondent had furnished petitioner copies of section 6673 and relevant court opinions. Petitioner submitted a "trial memorandum", consisting of a 10-page canned brief replete with frivolous arguments about the invalidity of the Federal income tax laws as applied to him, and a "Supplement Stipulation of Facts" with more than 200 pages of exhibits, including a copy of a 158-page preprinted document entitled "RELIANCE DEFENSE" as Exhibit 7-J, prepared by "William Drexler, Esq., Juris Doctor", which petitioner characterized as follows:

> This Petitioner relies on the knowledge that he is subject to an income tax if he was involved in any activity that is harmful or evil or detrimental to the well being of a sovereign Citizen of the United States; and any one involved in a privilege granted or licensed by the State or Federal Government is also subject to income tax.

> This Petitioner informed and hereby relies on Reliance Defense, supra, which is the compilation of many scholars that have spent years gathering the information that is relevant to this case and which

addresses the relevant issues as designated in the parties' Trial Memorandums and in particular as set forth by William T. Conklin, Pages 19-34 of Exhibit 7-J.

At the calendar call, the Court gave petitioner copies of opinions in four cases to read before trial, which was set for the afternoon of the same day, to "demonstrate to you the error of your ways * * * that the position that you are taking as set forth in your trial memorandum is not going to prevail".[1]  The Court suggested that, rather than pursuing frivolous arguments, petitioner should attempt to present evidence of deductible expenses that might reduce the deficiencies and additions.

When the case was recalled in the afternoon, respondent's counsel reported that a basis of settlement had not been reached and handed up a bare-bones stipulation of facts.  Petitioner had refused to stipulate that he had not filed Federal income tax returns for the years in question or the amounts of compensation he had received.  Petitioner's refusal to stipulate led to a trial on these issues, with the introduction of documentary evidence to support respondent's determinations that petitioner had not filed income tax returns and the testimony of four witnesses (petitioner's two employers and their respective

---

[1] Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986); Ghalardi Income Tax Educ. Found. v. Commissioner, T.C. Memo. 1998-460; Liddane v. Commissioner, T.C. Memo. 1998-259; Talmage v. Commissioner, T.C. Memo. 1996-114, affd. without published opinion 101 F.3d 695 (4th Cir. 1996).

accountants) as to the amounts of compensation that he had received from his employers.  Petitioner presented no evidence.

At all relevant times, including the time of filing his petition, petitioner has been a resident of Jeffersonville, Indiana.  Petitioner did not file Federal income tax returns for any of the taxable years 1992, 1993, or 1994.  Petitioner is a skilled craftsman in the jewelry trade, doing designing, engraving, wax carving, stone setting, casting, finishing, polishing, and general repair.  For his services as a jewelry craftsman, petitioner received the following amounts of compensation:

|  | Payer | |
|  | Aesthetics in | G. Metry |
| Year | Jewelry, Inc. | Jewelers, Inc. |
| 1992 | $27,940 | --- |
| 1993 | 29,963 | $14,735 |
| 1994 | 23,708 | 15,544 |

Petitioner also received unemployment compensation of $105 in 1994.  During the years in question, the following amounts of Federal income tax were withheld from petitioner's wages by Aesthetics in Jewelry, Inc.:

| Taxable Year | Amounts Withheld |
| 1992 | $2,715 |
| 1993 | 2,516 |
| 1994 | 1,677 |

The amounts of tax withheld from petitioner's wages by Aesthetics in Jewelry, Inc., did not satisfy his obligations to pay estimated tax in 1993 and 1994.

At the conclusion of the testimony of respondent's witnesses, petitioner said that he wanted to submit additional briefs. The Court warned him that would mean more work for respondent and the Court, which could result in a larger penalty under section 6673 than if the Court just ruled from the bench. Petitioner replied: "I am willing to take that risk". The Court set a briefing schedule, and briefs have been filed by the parties.

Notwithstanding that this case has been submitted to the Court for decision as described above, the case at docket No. 7944-98 was disposed of, on February 18, 1999, by entry of an agreed decision that reduced the amounts of the deficiencies and additions originally determined by respondent.

Discussion

Respondent's determinations in this case were based upon third-party information returns for compensation paid to petitioner. Petitioner refused to stipulate the amounts received. In the face of petitioner's refusal, respondent, out of an abundance of caution in the face of section 6201(d), proved the amounts received by the testimony and records of petitioner's former employers and their accountants. Petitioner has not

disputed respondent's determination that he received unemployment compensation in 1994 from the Commonwealth of Kentucky. Respondent proffered evidence that convinces the Court that petitioner did not file income tax returns or pay any estimated tax (in addition to the tax withheld) with respect to any of the taxable years at issue.

Petitioner's brief contains outworn arguments about the unconstitutionality of the Federal income tax in its application to earned income that are refuted by numerous court opinions, including the opinions cited supra note 1, which were provided to petitioner before the trial resulting from his refusal to concede respondent's determinations.  Those opinions establish that the compensation paid to petitioner during the taxable years in question is included in his gross income and is subject to Federal income tax.  Petitioner's arguments are without merit, and he is liable for income tax and additions to tax as determined by respondent.  No useful purpose would be served by any further explanation.

Turning to respondent's motion for a penalty under section 6673, we observe that, in each of the cases cited supra note 1, a penalty had been imposed under section 6673, which now provides for imposition of a penalty of up to $25,000 against a party who advances frivolous or groundless positions or institutes or maintains a proceeding primarily for delay.  Petitioner has

chosen to ignore the Court's precedents and admonitions and has continued to assert frivolous and groundless positions. Petitioner has wasted valuable time and imposed additional costs on respondent, the Court, and petitioner's employers and their accountants by refusing to stipulate the amounts of compensation that he received from his employers during the taxable years in question and other facts that were not reasonably in dispute, including his failures to file returns.

Petitioner apparently followed the Court's advice in settling the case at docket No. 7944-98, but he has continued to play his hopeless hand in this case, consciously choosing to risk the imposition of a penalty under section 6673.

In the face of petitioner's refusal to deal with this case on the merits, respondent has asked the Court to impose a penalty under section 6673 in the full amount permitted by law, $25,000. The Court agrees with respondent that a substantial penalty is appropriate, but, considering the total amount owed by petitioner, not in the full amount of $25,000. We will exercise our discretion under section 6673 to require petitioner to pay a penalty to the United States in the amount of $10,000.

An appropriate order will
be issued, and decision will be
entered for respondent.