T.C. Memo. 1999-187


UNITED STATES TAX COURT


STEVEN WESLEY NOE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19177-97.                    Filed June 8, 1999.



Steven Wesley Noe, pro se.

<u>Christal W. Hillstead</u>, for respondent.



MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the tax years in issue, unless otherwise indicated.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for 1992 and 1993 as follows:

| Year | Deficiency | Additions to Tax | |
|------|------------|----------------|----------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1992 | $716 | $161 | $30 |
| 1993 | 619 | 155 | 23 |

The issues for decision are: (1) Whether petitioner is subject to the Federal income tax laws and, more specifically, whether he is required to pay income tax on the wages paid to him during the years in issue; (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file timely an income tax return for the years 1992 and 1993; (3) whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated income tax for the years 1992 and 1993; and (4) whether petitioner is liable for a penalty under section 6673(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Veradale, Washington, when his petition was filed.

Petitioner did not file Federal income tax returns for the years 1992 and 1993. On July 11, 1997, respondent issued a statutory notice of deficiency to petitioner for the years 1992 and 1993 based upon taxable income reports issued by third parties. The amounts of the deficiencies in tax and additions to

tax determined by respondent with respect to petitioner for 1992 and 1993 are set forth above. During 1992, petitioner received wages from Sunshine Nursing Homes, Inc., in the amount of $6,726, from New Hope, Inc., in the amount of $1,142, and from Inland Nurse Providers, Inc., in the amount $2,810. During 1993, petitioner received wages from Loganhurst Health Care in the amount of $7,908. In 1993, petitioner also received unemployment compensation from the State of Washington in the amount of $2,278. The fact of these payments and the amounts have been stipulated by the parties. Petitioner and respondent have stipulated that if petitioner had filed a tax return for 1992 and 1993, he would be entitled to no more than a standard deduction based on single filing status for those years. The parties also have stipulated that in 1992, $71 was withheld from petitioner's wages by Inland Nurse Providers, Inc., and that petitioner made no other payments of estimated tax for 1992 and no payments of estimated tax whatsoever for 1993.

At trial, respondent moved for a penalty under section 6673 against petitioner on the grounds that he had instituted and maintained the proceedings primarily for delay and that his positions were frivolous and groundless.

## Discussion

Petitioner presented no evidence at trial to refute respondent's determinations. He stipulated to the amount of his

earnings for 1992 and 1993. Petitioner argues, inter alia, that (1) the income tax is an invalid excise tax; (2) he is not subject to the income tax since he is a resident of the United States and a citizen of the State of Washington whose citizenship does not depend upon immigration and naturalization or upon the 13th, 14th, and 15th Amendments; he is not subject to tax on his earnings from his labor; and the Commissioner is only authorized to collect taxes paid by stamp, whereas petitioner is not engaged in an activity that requires him to buy stamps.

Petitioner's positions are wholly frivolous. The 16th Amendment authorizes the imposition of a nonapportioned direct income tax on U.S. citizens residing in the United States. See In re Becraft, 885 F.2d 547 (9th Cir. 1989); Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Rowlee v. Commissioner, 80 T.C. 1111, 1121-1122 (1983). Furthermore, U.S. citizens' wages are income, and this income may be taxed without apportionment. See Wilcox v. Commissioner, supra; Rowlee v. Commissioner, supra. Petitioner's other arguments are equally misguided, and such arguments have been repeatedly rejected by this and other Federal courts. See, e.g., Wilcox v. Commissioner, supra (paying taxes is not voluntary); Talmage v. Commissioner, T.C. Memo. 1996-114 n.3 (section 6201 grants assessment authority with respect to all taxes as to which returns or lists are made under the code,

including the income tax), affd. per curiam without published opinion 101 F.3d 695 (4th Cir. 1996).

Petitioner has not presented this Court with a valid argument that would rebut respondent's determination. Accordingly, respondent's determination of deficiencies in petitioner's income tax for the years 1992 and 1993 is sustained.

Section 6651(a) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions. The addition to tax is inapplicable, however, if the taxpayer shows that the failure to file the return was due to reasonable cause and not due to willful neglect. See sec. 6651(a)(1). To prove "reasonable cause", a taxpayer must show that he exercised ordinary business care and prudence and still was unable to file the return within the statutorily prescribed time. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989). Whether the elements that constitute reasonable cause are present in any given situation is a question of fact. See United States v. Boyle, 469 U.S. 241, 249 n.8 (1985). In the present case, petitioner admitted that he had failed or refused to file a tax return for 1992 and 1993. Petitioner has not asserted and we do not find that petitioner's failure to file was due to reasonable cause. Respondent's determination of an addition to tax under section 6651(a) for the years 1992 and 1993 is sustained.

Section 6654(a) imposes an addition to tax equal to the amount of the underpayment multiplied by the underpayment rate established under section 6621 for the period of the underpayment.  The addition to tax under section 6654(a) is mandatory unless petitioner can prove that he complies with one of the exceptions contained in section 6654(e).  See Baldwin v. Commissioner, 84 T.C. 859, 871 (1985); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner did not introduce evidence on this issue, and we sustain respondent's determination of the addition to tax under section 6654.

Section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless; i.e., it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law.  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Kish v. Commissioner, T.C. Memo. 1998-16; Talmage v. Commissioner, supra.  In our opinion, such is the case here, and we believe that a penalty is appropriate.  The positions argued by petitioner are frivolous and wholly without merit.  Moreover, we previously rejected petitioner's frivolous arguments when he raised them by motion for summary judgment.  Accordingly, petitioner was fully warned of our opinion with

regard to his arguments.  We will require petitioner to pay a $500 penalty under section 6673(a).

<u>An order will be issued granting respondent's motion for a penalty, and decision will be entered for respondent</u>.