T.C. Memo. 1998-88

UNITED STATES TAX COURT

JOSEPH T. MCQUATTERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13260-96.                    Filed March 2, 1998.

Joseph T. McQuatters, pro se.

<u>Edwina L. Charlemagne</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.  All section references are to the Internal Revenue Code in
effect for the tax year in issue, unless otherwise indicated.

All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1988 Federal income tax in the amount of $4,965 and additions to tax for failure to file timely a Federal income tax return pursuant to section 6651(a)(1) in the amount of $1,241 and for failure to pay estimated taxes pursuant to section 6654(a) in the amount of $318.

We must decide the following issues:

1. Whether petitioner received nonemployee compensation in the amount of $20,309 from Masterguard Corp. in 1988 as determined by respondent. We hold he did.

2. Whether petitioner received interest income in the amount of $128 from Lexington State Bank in 1988 as determined by respondent. We hold he did.

3. Whether petitioner is liable for self-employment tax in 1988 in the amount of $2,644 as determined by respondent. We hold he is.

4. Whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file an income tax return. We hold he is.

5. Whether petitioner is liable for an addition to tax for the failure to pay estimated tax as determined by respondent under section 6654(a). We hold he is.

6. Whether petitioner is liable for a penalty under section 6673(a). We hold he is and require him to pay to the United States a penalty of $1,000.

## Background

The evidence in this case consists of oral testimony by petitioner and exhibits. At the trial of this case, despite this Court's pretrial order that all facts be stipulated to the maximum extent possible, petitioner refused to enter into a stipulation of facts in this case.[1]

Petitioner, who resided in Columbia, South Carolina, when his petition was filed, did not file a Federal income tax return for the year 1988. On March 22, 1996, respondent issued a statutory notice of deficiency for petitioner for 1988 based upon Forms 1099 that respondent had received from Lexington State Bank and Masterguard Corp. (Masterguard) reporting income paid to petitioner during 1988. The Form 1099 from Lexington State Bank reported interest paid to petitioner in the amount of $128 for

---

[1]   On May 15, 1997, respondent submitted a supplemental motion to reopen the record in this case for the limited purpose of receiving into evidence newly discovered evidence. We deny respondent's motion because it is the policy of this Court to try all the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. Markwardt v. Commissioner, 64 T.C. 989, 998 (1975); Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974).
   At trial, respondent orally moved for dismissal on the ground that petitioner had failed properly to prosecute this case by failing to address the merits of the case and by refusing to stipulate facts as required by the Court's pretrial order. We decide the case for respondent on the merits, and respondent's oral motion is denied as moot.

1988. The Form 1099 from Masterguard reported nonemployee compensation paid to petitioner in the amount of $20,309 for 1988. Petitioner contends that neither of the above-described Forms 1099 is valid and that, therefore, the statutory notice of deficiency itself is invalid. More specifically, petitioner contends that the Form 1099 issued to him by Masterguard is invalid because a portion of the amount Masterguard reported as nonemployee compensation could have been for merchandise refunds. Petitioner's memorandum and testimony both fail to address the validity of the Form 1099 issued to him by Lexington State Bank.

In his memorandum and testimony, petitioner argues that no section of the Internal Revenue Code requires him to pay income tax. Petitioner states that he is "a Sovereign Citizen of the South Carolina Republic". Petitioner's written and oral explanations also include citations of a number of unrelated sections of the Internal Revenue Code and the Uniform Commercial Code that he contends provide a basis for his claim that he is not liable for Federal income tax.

Masterguard is a wholesaler of early warning fire protection equipment, which includes single station battery-operated smoke detectors, single station mechanical heat detectors, and portable fire extinguishers. Petitioner conceded at trial that he purchased merchandise from Masterguard in 1988. According to petitioner, he paid for any merchandise he received from Masterguard upon receipt. However, petitioner also testified

that he was unable to recall whether he resold the aforementioned merchandise or gave it away; but he acknowledged that he might have resold the merchandise to others. Respondent contends that the types of transactions for which Masterguard might issue a Form 1099 to an individual who purchases its merchandise include: (1) Override payments made to an independent authorized dealer on purchases made by other independent authorized dealers; and (2) refunds for products purchased directly by the independent authorized dealer. During cross-examination, petitioner acknowledged that according to Masterguard, the company makes override payments and also issues rebates to individuals who purchase merchandise from Masterguard.

Petitioner claims that he is unable to recall from what sources he received income in 1988 due to subsequent problems he had with his health. Petitioner's only recollection of how he earned a living in 1988 is that he's "been self-supporting since I was about 14." Petitioner also claims to have no records relating to any income he received in 1988. During cross-examination petitioner asserted his Fifth Amendment rights and refused to answer questions posed to him by respondent's counsel concerning petitioner's marital status or whether petitioner has any children.

Respondent determined that because of petitioner's receipt of nonemployee compensation in the amount of $20,309 from Masterguard in 1988, petitioner is subject to self-employment tax

under section 1401. Petitioner asserts that he was not self-employed in 1988 and therefore is not liable for the self-employment tax.

Discussion

Petitioner invoked the jurisdiction of this Court by a petition alleging that respondent had erred in determining income tax deficiencies for petitioner for 1988. Petitioner, having failed to file an income tax return for 1988, claimed he had no records from 1988 to show to respondent, and he also refused respondent's request to stipulate facts.

Respondent determined that petitioner received unreported income in the amounts of $20,309 in nonemployee compensation from Masterguard and $128 in interest income from Lexington State Bank. Petitioner claims he is unable to remember how he supported himself in 1988 but offered nothing into evidence that would rebut respondent's determination that he received nonemployee compensation from Masterguard and interest income from Lexington State Bank.

A statutory notice of deficiency ordinarily carries with it a presumption of correctness. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Because of this presumption, taxpayers generally, at least initially, have the burden of proof and the burden of going forward with the evidence. Cebollero v. Commissioner, 967 F.2d 986, 991 (4th Cir. 1992), affg. T.C. Memo. 1990-618.

Petitioner asserts that respondent has not carried the burden of proving the accuracy of the disputed Forms 1099. Although petitioner argues that neither of the Forms 1099 is valid, at trial, petitioner addressed only the validity of the Form 1099 issued to him by Masterguard. For support, petitioner cites section 6201(d) and claims that he has fully cooperated with respondent by granting access to all records and information for 1988 in his possession.

Section 6201(d), amended by section 602, Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1463 (1996), is effective as of July 30, 1996. The petition was filed on June 24, 1996, and the trial in this case was held on February 5, 1997. We will assume arguendo that section 6201(d), as amended, is applicable in this case. Section 6201(d) provides that if the taxpayer, in a court proceeding, asserts a reasonable dispute with respect to the income reported on an information return, and fully cooperates with the Commissioner, then the Commissioner shall have the burden of producing reasonable and probative information in addition to the information return.[2]  See Dennis

---

[2]      Sec. 6201(d) provides:

   SEC. 6201(d).  Required Reasonable Verification of Information Returns.--In any court proceeding, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary * * * by a third party and the taxpayer has fully cooperated with the Secretary (including providing, within a reasonable period of

(continued...)

v. Commissioner, T.C. Memo. 1997-275; Hardy v. Commissioner, T.C. Memo. 1997-97.  The legislative history of section 6201(d) specifically refers to a situation where there is a dispute over income and further states:

> Fully cooperating with the IRS includes (but is not limited to) the following:  bringing the reasonable dispute over the item of income to the attention of the IRS within a reasonable period of time, and providing (within a reasonable period of time) access to and inspection of all witnesses, information and documents within the control of the taxpayer (as reasonably requested by the Secretary).  [H. Rept. 104-506, at 36 (1996), 1996-3 C.B. 49, 84; emphasis added.]

Petitioner contends that the Form 1099 issued to him by Masterguard is invalid because respondent is unable to determine what portion of the amount reported as nonemployee compensation was for override payments made to an independent authorized dealer on purchases made by other independent authorized dealers, and what portion was for merchandise refunds.  Petitioner offered no evidence or testimony regarding his argument that the Form 1099 issued to him by Lexington State Bank is invalid.

At trial, respondent introduced no evidence in response to petitioner's contention that the Form 1099 from Masterguard was

---

[2](...continued)
time, access to and inspection of all witnesses, information, and documents within the control of the taxpayer as reasonably requested by the Secretary), the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.

not accurate.  However, the limited amount of petitioner's testimony that did not consist of shopworn tax protester arguments supports respondent's determination that petitioner did in fact receive nonemployee income from Masterguard in 1988.  In his testimony, petitioner admitted that he purchased merchandise from Masterguard in 1988 and that he might have resold this merchandise to others.  Petitioner acknowledged at trial that Masterguard may pay rebates and overrides to individuals who purchase merchandise from it.  Petitioner admitted that he is not an employee of Masterguard, so it would have been appropriate for Masterguard to characterize the payments it made to petitioner as nonemployee compensation.

Even if this Court were to find petitioner's dispute reasonable, section 6201(d) clearly requires that in addition to asserting a reasonable dispute with respect to any item of income reported on an information return, the taxpayer must have fully cooperated with the Commissioner before the burden of production will shift to the Commissioner.  The evidence in this case is unequivocal that petitioner did not fully cooperate with respondent as required by section 6201(d).  First, we note that petitioner failed to file an income tax return for 1988.  As a nonfiler, petitioner plainly did not bring his dispute over any item of income to the attention of the IRS within a reasonable period of time as contemplated by the terms and legislative history of section 6201(d).  Additionally, petitioner's behavior

prior to and during the trial cannot be characterized as the behavior of a taxpayer fully cooperating with the IRS. Prior to the trial, in response to a letter from respondent's agent requesting an appointment with petitioner to discuss petitioner's 1988 income tax liability, petitioner sent a document, dated June 1, 1995, captioned "Certified Demand for Proof of Jurisdiction" in which he challenged the jurisdiction of the Internal Revenue Service over him and alleged that he is "a Sovereign Citizen of the South Carolina Republic," but not "a citizen of the United States subject to its jurisdiction." Then, after receipt of respondent's report of Income Tax Examination Changes, Form 4549, petitioner returned the Form 4549 to the IRS district director in Doraville, Georgia, and declared in the accompanying letter dated December 8, 1995, that he was a "Nonimmigrant/Nonresident Alien Nontaxpayer". Petitioner's December 8, 1995, letter to the district director included numerous citations of the Uniform Commercial Code that have no relevance to this case.

On the basis of the evidence before us, we conclude that petitioner has not asserted a "reasonable dispute with respect to any item of income" that was reported to respondent as having been paid to and/or earned by petitioner and has not shown that he "fully cooperated" with respondent. See Dennis v. Commissioner, supra; Hardy v. Commissioner, supra. Therefore, the burden of going forward and producing "reasonable and

probative information" concerning the deficiency beyond the information return has not shifted to respondent. Petitioner is a nonfiler and a typical tax protester. When petitioner's nonfiling status was brought to the attention of respondent through information returns filed by unrelated third parties, petitioner responded with classic tax protester arguments, and to the extent possible, stonewalled respondent by refusing to provide any information or records concerning his income in 1988. Section 6201(d) does not provide a means for a taxpayer to avoid his Federal income tax liabilities by failing to file a tax return, refusing to provide any information to the Commissioner or the Court, and refusing to provide any records concerning his income. Respondent's determinations concerning petitioner's 1988 income from self-employment and interest are sustained.

In the statutory notice of deficiency, respondent determined that in 1988 petitioner received unreported nonemployee compensation from Masterguard in the amount of $20,309, which was subject to self-employment tax. Section 1401 imposes a tax on the "self-employment income" of every individual. "Self-employment income" is defined generally in section 1402(b) as "the net earnings from self-employment derived by an individual * * * during any taxable year". Section 1402(a) defines the term "net earnings from self-employment" as the "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which

are attributable to such trade or business".  Section 1.1402(a)-2(b), Income Tax Regs., provides that "The trade or business must be carried on by the individual, either personally, or through agents or employees."  See also S. Rept. 1669, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 302, 354.  These provisions are to be broadly construed to favor treatment of income as earnings from self-employment.  Hornaday v. Commissioner, 81 T.C. 830, 834 (1983).  Respondent's determination that petitioner is liable for self-employment tax is presumed to be correct, and petitioner bears the burden of proving it is erroneous.  Rule 142(a); Kasey v. Commissioner, 33 T.C. 656, 660 (1960); Ahmad v. Commissioner, T.C. Memo. 1997-85.

At trial, petitioner testified that he was "self-supporting" and that he was not an employee of Masterguard.  Petitioner offered no other evidence as to how he supported himself during 1988, the year in issue.  Therefore, we hold that petitioner has not met his burden of proving that respondent's determination is incorrect and hold petitioner liable for self-employment tax on the unreported income as determined by respondent for 1988.

Section 6651(a) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions.  The addition to tax is inapplicable, however, if the taxpayer shows that the failure to file the return was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1).

Petitioner did not file an income tax return for 1988. The reasons given by petitioner for his failure to file are wholly frivolous and are similar to the rejected arguments of other taxpayers who have previously petitioned this Court in protest of their liability for Federal income tax. Petitioner's assertions in this case are characteristic of the tax-protester rhetoric that has been universally rejected. See, e.g., Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983); Frami v. Commissioner, T.C. Memo. 1997-509. Petitioner attempted to support these arguments by reference to statutes, regulations, and cases that are related to each other only in the sense that they all involve issues of taxation. Petitioner's arguments are without merit and lack factual and legal foundation. We are not obligated to review exhaustively and rebut petitioner's misguided contentions. Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); accord Kish v. Commissioner, T.C. Memo. 1998-16. Petitioner's arguments are not adequate to show reasonable cause. Accordingly, we sustain the additions to tax for delinquent filing as determined by respondent.

Respondent also determined that petitioner was liable for additions to tax under section 6654(a) for failure to pay estimated tax for 1988. Where payments of tax, either through

withholding or by making estimated quarterly tax payments during the course of the year do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, unless the taxpayer shows that one of the statutory exceptions applies. Sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden of showing qualification for such an exception. Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). Petitioner offered no testimony or other evidence that an exception applies, and petitioner did not make any estimated tax payments for 1988. Accordingly, we hold that petitioner is liable for the addition to tax under section 6654(a) for 1988.

As to respondent's motion for imposition of a penalty under section 6673, section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Kish v. Commissioner, supra; Talmage v. Commissioner, T.C. Memo. 1996-114, affd. without published opinion 101 F.3d 695 (4th Cir. 1996). In our opinion, such is the case here, and we believe that a penalty is appropriate. We

will require petitioner to pay a $1,000 penalty under section 6673(a).

   To reflect the foregoing,


                                   <u>An appropriate order and</u>

                                   <u>decision will be entered</u>.